■ GEORGE JANKOWSKI et al., Respondents, v. CRESTBURN CORPORATION, Appellant, et al., Defendant.— In an action by an infant and his father to recover damages for personal injury, loss of services, etc., the defendant Crestburn Corporation appeals from a judgment of the Supreme Court, Westchester County, entered June 17, 1964 after trial, upon a jury's verdict in favor of the plaintiffs against it. [The defendant Carfi was not served with

process; and, as to him, the action was severed. Prior to the trial, the infant plaintiff, George Jankowski, had attained his majority; and the title of the action was amended accordingly.] Judgment reversed on the law and the facts, without costs, and complaint dismissed, without costs. The infant plaintiff sustained injury to his foot when it was caught under a descending hydraulic lift in an automobile service station owned by the defendant Crestburn Corporation which had acquired the premises on or about May 15, 1958. At the time of such acquisition, the premises were incumbered by a lease from Samuel Gruber, the former owner, to Gulf Oil Corporation for a term of 15 years from May 16, 1955 to May 15, 1970. On January 15, 1959 Gulf Oil Corporation leased the premises to Rocco Carfi. Plaintiff was injured on April 27, 1959. The lease assumed by Crestburn Corporation on May 15, 1958 contained the following clause: "The Lessor agrees to keep the buildings and improvements in good structural condition and make all necessary structural repairs needed during the term of this lease or extension thereof at Lessor's own expense. Structural repairs shall be deemed to be all repairs only to the roof, walls and foundations. If the Lessor should fail to make said structural repairs upon notice to them that said repairs are necessary, then the Lessee may cause same to be made." The power of control which is a prerequisite to liability on the part of a lessor, may not be inferred from a mere covenant to repair (*De Clara* v. *Barber S. S. Lines,* 309 N. Y. 620). At bar, no evidence was adduced to justify a finding that the defendant Crestburn Corporation retained or assumed any control over the premises, or that, in fact, it made any repairs to the premises. Under such circumstances, there is no warrant for imposing liability upon this defendant (*Cullings* v. *Goetz,* 256 N. Y. 287; *Zolezzi* v. *Bruce-Brown,* 243 N. Y. 490). Beldock, P. J., Ughetta, Hill, Rabin and Benjamin, JJ., concur.