■ CARETTE REALTY CORP., Respondent, v. VILLAGE OF CATSKILL, Appellant.— REYNOLDS, J. Appeal from an order of the Supreme Court, Greene County, granting respondent a temporary injunction against appellant's maintenance of a barricade at the Elliot Street entrance to respondent's premises. Respondent is the owner of a large parcel of land bounded by Elliot Street, Grandview Avenue and Route 9-W in the Village of Catskill, leased to the Grand Union Company which operates a supermarket and trading stamp redemption center thereon. Distressed by traffic flow in the vicinity of respondent's property, the Village Board of Trustees requested that a study be made by the State Traffic Commission. The Traffic Commission recommended, among other suggestions, that one of the two entrances on Grandview Avenue and the one here involved on Elliot Street be closed and two new openings be made directly on to Route 9-W. In conformance with this recommendation the Village Board closed these entranceways and the instant proceeding ensued. While an appellate court is loathe to reverse the discretionary granting of an injunction *pendente lite* by a trial court (e.g., *Eidelberg* v. *Steinberg*, 6 A D 2d 895), we are constrained to do so in the instant case. Elliot Street is not a through vehicular street and the Elliot Street entrance was in effect nothing but an entrance from 9-W. Respondent not only has no affidavits nor any sort of proof either from Grand Union or any of its customers of any injury, loss of business or inconvenience as a result of the closing, but the patent facts belie any of those consequences since one of the new entrances on 9-W is approximately the same distance as the old one from the intersection of Elliot Street, thus affording as easy access as the Elliot Street entranceway. Thus we can find no reason to afford respondent preliminary relief on the state of the record. Order reversed, on the law and the facts and in the exercise of discretion, and motion denied, with costs. Gibson, P. J., Herlihy and Staley, Jr., JJ., concur; Taylor, J., not voting.

■ MATILDA O. DAVENPORT et al., Respondents, v. PETER APOSTOL, Appellant.— REYNOLDS, J. Appeal from a judgment of the Supreme Court, Albany County, entered on a jury verdict awarding respondents a total of $2,193.55 for injuries allegedly sustained by respondent Matilda Davenport when she fell on the sidewalk in front of certain premises owned by appellant and from an order of said court denying appellant's motions directed against that verdict. Concededly a landowner is responsible for injuries attributable to defects in the sidewalk abutting his premises if he actually creates a hazardous or defective condition which results in injury or the manner in which he utilized the sidewalk for his own purposes produces a defective condition (*Mullins* v. *Siegel-Cooper Co.*, 183 N. Y. 129; *Braithwaite* v. *Grand Union Co.*, 22 A D 2d 941). In the instant case, however, we can find no evidence that a hazardous condition existed for which appellant should be held responsible. Not only is the alleged divergence in the pavement elevation at the point at which the fall occurred minimal to say the least but it is sheer conjecture that appellant's activities rather than normal elements caused the condition. Nor is affirmance mandated by *Ryan* v. *Gordon L. Hayes, Inc.* (22 A D 2d 985) on the facts present in the instant case. Judgment and order reversed, on the law and the facts, and complaint dismissed, without costs. Gibson, P. J., Herlihy and Staley, Jr., JJ., concur; Taylor, J., not voting.