■ ROSEMARY KELLY, Appellant, v MAJOR BRAND GASOLINE CORP. et al., Respondents.—Order unanimously affirmed, without costs. Memorandum: Plaintiff appeals from an order granting summary judgment in favor of defendants and dismissing plaintiff's complaint on the merits. The only question on appeal is whether plaintiff presented a triable issue of fact with respect to whether Hoffman, whose vehicle collided with plaintiff's vehicle allegedly causing her serious injury, was an employee or agent of defendants, thereby rendering defendants liable for the injuries caused to plaintiff by Hoffman's alleged negligence. There is nothing in the record to controvert defendants' evidence that Hoffman was in business for himself in space rented from defendants' commission operator, Buss, and that he was not an employee or agent of any of the defendants. There was no showing of an express understanding that Hoffman should act on behalf of or be under the control of Buss or any of the defendants. Nor is there any proof of any conduct of the parties from which an agency or employer-employee relationship could be implied, such as proof that Hoffman acted on behalf of or was under the control of Buss or defendants, that he received his wages from Buss or any of the defendants, or that they supplied any equipment used by him. (See *Garcia v Herald Tribune Fresh Air Fund,* 51 AD2d 897; *Matter of*

*Pelow v Sork Enterprises,* 39 AD2d 494, affd 33 NY2d 944; *Matter of Bianculli v Times Sq. Stores,* 34 AD2d 696, *Ostrander v Billie Holm's Vil. Travel,* 87 Misc 2d 1049; 2 NY Jur, Agency, § 1.) Absent an employer-employee or principal-agent relationship between Hoffman and defendants, plaintiff has no cause of action against defendants. Therefore, summary judgment was properly granted. (See *Mallad Constr. Co. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285; *Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255.) (Appeal from order of Erie Supreme Court—summary judgment.) Present—Marsh, P. J., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.