SECOND DEPARTMENT, DECEMBER, 1978

(December 4, 1978)

■ LEONARD CAPARATTA et al., Plaintiffs, v FABRIZIO DE ROSA, Defendant. GERARD GERING, Defendant and Third-Party Plaintiff-Respondent; CITIES SERVICE COMPANY, Doing Business as CITGO, Third-Party Defendant-Appellant.—In a negligence action to recover damages for personal injuries, etc., the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County, dated March 20, 1978, as, upon reargument of its motion for summary judgment, adhered to the original determination denying the motion. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and motion for summary judgment granted. The service station, on which premises the accident occurred, is owned by the Maine Turnpike Authority. The authority leased the premises to the third-party defendant Cities Service Company. Permission was subsequently granted to permit the subleasing of the premises, with a conversion from a "salaried operation" to a "lessee dealer operation". At the time of the accident such a sublease was in effect. In the complaint and plaintiffs' bill of particulars, it is alleged that plaintiff Leonard Caparatta was injured when one of the defendants struck with a hammer or similar device a wheel bearing on a truck belonging to defendant De Rosa which caused a piece of metal to be propelled into Caparatta's eye. In the third-party complaint and bill of particulars of the third-party plaintiff it is alleged that Cities Service was negligent in the ownership, operation and control of the service station in failing to provide a safe place for the defendants to work, in failing to provide them with adequate and proper tools, and in failing to supervise the repairs which were being made by the defendants with the consent of Cities Service in a "bay" service area of the station. Pursuant to the sublease, which was authorized by Cities Service, it had no control over the business and maintenance of the service station and could not direct the conduct and operations of the business in any respect. Thus, there is no basis for imposing liability on Cities Service (cf. *Jankowski v Crestburn Corp.*, 23 AD2d 783, affd 17 NY2d 514). We also note in regard to the argument that the third-party plaintiff was a third-party beneficiary of the agreement between the Maine Turnpike Authority and Cities Service, a similar contention was rejected by this court in an opinion by Mr. Justice Hopkins in *Kornblut v Chevron Oil Co.* (62 AD2d 831). Martuscello, J. P., Titone, Hawkins and O'Connor, JJ., concur.