■ Kevin Fessler, Respondent, v Bernard A. Brunza et al., Appellants, et al., Defendant. — Appeal from an order of the Supreme Court at Special Term (Lee, Jr., J.), entered November 7, 1981 in Chenango County, which denied a motion by defendants Bernard and Barbaranne Brunza for summary judgment dismissing the complaint as against them. The action arises out of an accident which plaintiff had on September 9, 1981. Plaintiff was injured while using a forage wagon to harvest and transport corn silage from a field to the silo where it was to be stored. The accident occurred while plaintiff was employed by Brian Brunza and working under his direction. Brian Brunza owned a farm and also farmed a portion of land owned by his parents, Bernard and Barbaranne Brunza (defendants). In addition, he used their barn and silo for storage of his harvest. Plaintiff's complaint contends that the forage wagon was being operated on the farm of defendants without an adequate guarding device and that defendants knew or should have known that this was a dangerous instrumentality which could cause injuries to persons using the wagon. Defendants contend that the question of whether a duty existed to plaintiff is a

question of law which must be determined by the court, and that the facts in this case indicate that as landowners they had no duty to affirmatively control their son's farming operation. Before a defendant may be held liable for negligence, it must be shown that defendant owes a duty to the plaintiff (*Palsgraf v Long Is. R.R. Co.*, 248 NY 339). In the instant case, defendants permitted their son Brian to conduct a farming operation on their property. Outside of some occasional volunteer help from the father, Brian ran the operation himself. Plaintiff was hired by Brian, and he worked when and as directed by Brian. On the day of the accident, neither parent was present at the accident scene. They were about their own endeavors. A relevant consideration here is the question of whether these defendants had control or should have exercised control over Brian's farming operations. A duty to prevent negligence should not be imposed on one who does not control the tort-feasor (see *Pulka v Edelman*, 40 NY2d 781, 783). Applying this principle here, it is paramount to note that the farming operation engaged in was not under the control of these defendants. There is nothing to indicate that either of the defendants was physically present at the scene when the injury occurred. They were, therefore, in no position to control the situation and no duty of care was attributable to them. Order reversed, on the law, with costs, and motion granted. Mahoney, P.J., Sweeney, Casey, Mikoll and Levine, JJ., concur.