■ Roy Matthews et al., Appellants, v Scotia-Glenville School System et al., Respondents, et al., Defendants. — Appeal (1) from an order of the Supreme Court at Trial Term (Walsh, Jr., J.), entered May 27, 1982 in Schenectady County, which, *inter alia,* granted a motion to dismiss the complaint as against defendants Scotia-Glenville School System and Lawless Container Corporation, and (2) from the judgment entered thereon. Plaintiff motorcyclist was proceeding southerly on Route 147 and sustained serious personal injuries when struck broadside by an automobile operated by defendant McDonald as he turned left into Route 147 after exiting from a private roadway owned by defendant Scotia-Glenville School System. After plaintiff rested in what became a bifurcated nonjury trial, the court granted motions by defendants school system and Lawless Container Corporation (McDonald's employer) dismissing the complaint for failure to prove a cause of action against said defendants, and declared a mistrial as to McDonald. Plaintiff attempted to prove the volume of traffic entering Route 147 from the school road; the use, construction, control and maintenance of the road; and, that a nuisance, hazard and peril existed. The trial court sustained objections on the ground of irrelevance. The court found that no proof existed that defendant school system created any obstruction with respect to Route 147 or that the use thereof interfered with the use of the highway, and that absent such evidence there was no duty imposed upon the school system. Relying upon *Pulka v Edelman* (40 NY2d 781), the court held that in the absence of a duty, there can be no breach and hence no negligence; further, that the existence and use of the roadway was not the proximate cause of the accident. We agree. Before a defendant may be held liable for negligence, it must be shown that the defendant owes a duty to the plaintiff (*Palsgraf v Long Is. R. R. Co.,* 248 NY 339; *Fessler v Brunza,* 89 AD2d 640, 641). The question of the existence of a duty is for court determination (*Donohue v Copiague Union Free School Dist.,* 64 AD2d 29, 33, affd 47 NY2d 440; Prosser, Torts [4th ed], § 37, p 206). Plaintiff's argument that the school had a duty to keep its property from being a cause of danger to public highway users by reason of defect in structure, repair, use, or management, which reasonable care could prevent, relying upon *Clawson v Central Hudson Gas & Elec. Corp.* (298 NY 291) and *Ford v Grand Union Co.* (268 NY 243), is misplaced. This accident occurred not because of the existence or use of the roadway, but because of the operation of the McDonald automobile. The Court of Appeals has succinctly stated the applicable law: "The premises 'merely furnished the condition or occasion for the occurrence of the event rather than one of its causes'" (*Margolin v Friedman,* 43 NY2d 982, 983, quoting *Sheehan v City of New York,* 40 NY2d 496, 503). Where the operation of an automobile is the proximate cause of an accident, no duty to prevent negligent operation may be imposed upon one who does not control the tort-feasor (*Pulka v Edelman,* 40 NY2d 781, 784, *supra; Fessler v Brunza,* 89 AD2d 640, 641, *supra*). The exclusion of the proffered evidence concerning the roadway and its maintenance and use as irrelevant was correct, as was the dismissal for failure to prove the existence of any duty owed by the school system or Lawless. Order and judgment affirmed, with one

bill of costs to defendants Scotia-Glenville School System and Lawless Container Corporation. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.