■ GLADSTONE A. CLARKE, as Administrator of the Estate of MODUPE CLARKE, Deceased, Respondent, v JOSEPH UNANUE et al., Individually and Doing Business as U & U REALTY COMPANY, Appellants. (And Two Related Actions.) — Appeal from an order of the Supreme Court at Special Term (Bradley, J.), entered February 14, 1983 in Ulster County, which denied defendants' motion for summary judgment. Since defendants submitted evidentiary proof showing that decedent's death did not result from the breach of any duty owed by defendants, and since plaintiff failed to submit sufficient evidentiary proof in opposition, defendants' motion for summary judgment should have been granted. Special Term's order must, therefore, be reversed. Decedent, an eight-year-old girl, drowned in July, 1979 while participating in a swimming program at Tillson Lake in Ulster County. The lake was located on property owned by defendants, who, in 1975, leased the premises to Tillson Lake Recreation Park, Inc., for a period of 10 years. The tenant thereafter entered into an agreement with the New Paltz Recreation Committee, whereby persons enrolled in programs supervised by the committee would be permitted to use the lake for recreational purposes. Decedent apparently was enrolled in such a program when the drowning occurred. The complaint alleges that defendants were negligent in failing to provide adequate supervision or maintain adequate safety standards. In an affidavit in support of defendants' motion for summary judgment, defendant Joseph Unanue states that defendants retained no control over the premises or its tenant's operation of the lake. He further alleges no knowledge of the tenant's agreement with the New Paltz Recreation Committee. The lease reveals that defendants granted their tenant exclusive possession and control of the property for all lawful purposes, retaining a limited right of re-entry only in the event that the premises were destroyed or so damaged as to render them "untenantable". In opposition, plaintiff submitted no evidentiary facts showing that defendants either retained or exercised any right of control or supervision over the operation of their tenant's business. In *Fessler v Brunza* (89 AD2d 640), defendants were the owners of a farm operated by their son and plaintiff was a farmhand, hired by the son, who was injured on the premises by a piece of equipment allegedly being operated without an adequate guarding device. This court reversed an order in *Fessler* which denied defendants' motion for summary judgment,

concluding that "[a] duty to prevent negligence should not be imposed on one who does not control the tort-feasor" (*id.,* at p 641). The same result should obtain herein, for the proof establishes that defendants retained no control over either the premises or the tenant's operation of the premises; nor were defendants in a position on the day of the drowning to exercise such control (see, also, *Jankowski v Crestburn Corp.,* 23 AD2d 783, affd 17 NY2d 514). We note that plaintiff's complaint does not allege that the drowning occurred due to some defective condition in the premises which defendants knew of or should have known of at the time the lease was made (see *Marshall v Mastodon, Inc.,* 51 AD2d 21). Finally, plaintiff's claim that defendants are liable since they allowed their tenant to breach the lease provision requiring the tenant to maintain liability insurance is meritless, for the failure to maintain liability insurance plainly is not a proximate cause of decedent's death. Order reversed, on the law, with costs, motion granted and complaint dismissed. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.