■ Otto F. Mayr, Appellant, v Frank J. Proper et al., Defendants, and Leroy W. Osborn et al., Respondents. (And Another Related Action.) — Appeals from an order of the Supreme Court at Special Term (Cobb, J.), entered April 22, 1983 in Greene County, which granted the motion of defendants Leroy W. Osborn and Helen Osborn for summary judgment dismissing the complaints in both actions. ¶ The present actions arise out of a two-car accident that occurred on June 28, 1979 on New York State Route 9W in the Town of Coxsackie, Greene County. At that time, Roland F. Levie, III was driving south in the right lane of Route 9W, and Frank Proper was driving in the same southbound lane, immediately behind Levie. However, when Levie slowed down to make a left-hand turn into an entrance to a mushroom farm owned by Leroy W. and Helen Osborn, Proper attempted to pass Levie's vehicle on the left and the two cars collided on Route 9W. ¶ The Osborns' mushroom farm abuts Route 9W. There is a driveway entrance to the farm that runs perpendicular to the highway, and slightly north to this driveway on Route 9W is Old Kings Road, which angles in from Route 9W and provides an additional access road to the Osborns' farm. Levie testified at an examination before trial that he intended to turn into Old Kings Road when the accident occurred. ¶ Otto Mayr, a passenger in the vehicle driven by Proper, commenced an action for personal injury against, *inter alia*, Levie and the Osborns. Additionally, Proper and his wife commenced an action against the same parties. These two actions were then consolidated. ¶ The complaints herein assert liability against the Osborns, claiming that Old Kings Road joined Route 9W at an "inherently dangerous and unsafe angle". It was also alleged that the Osborns were responsible for creating and maintaining such "dangerous" condition. After discovery, the Osborns moved for summary judgment dismissing the complaints. This motion was granted and the instant appeals by plaintiffs in both actions ensued. ¶ Special Term granted summary judgment upon the ground that Old Kings Road was at one time a public highway and plaintiffs failed to supply facts that would support their claim that the highway had been abandoned by the State or any municipality. Accordingly, Special Term found that, as a matter of law, the Osborns owed no duty to plaintiffs. We agree. ¶ First, it is uncontroverted that Old Kings Road was the north/south State highway until 1931, when New York State constructed Route 9W. As indicated by plaintiff Mayr's engineer, at the location in question, Route 9W was constructed on "a tangent alignment to the west of Old Kings Road, bypassing Old Kings Road for a distance of approximately 35/100 of a mile". Thus, the State of New York created the intersection between Old Kings Road and Route 9W. Second, the deeds before Special Term clearly indicate that the Osborns did not acquire ownership of Old Kings Road, which is specifically referred to

in one deed as a public highway. ¶ As Special Term correctly observed, plaintiffs failed to produce evidence to rebut this evidence and have failed to raise a triable issue of fact with respect to the abandonment of Old Kings Road (see *Hewitt v Town of Scipio,* 32 AD2d 734, affd 26 NY2d 934). This being the case, the Osborns owed no duty to plaintiffs (see *Davenport v Apostol,* 26 AD2d 874, affd 22 NY2d 943; 26 NY Jur, Highways, Streets, and Bridges, § 365, pp 555-558; 4B Warren, Negligence in the New York Courts [3d ed], Highways, § 10, pp 357, 364; cf. *Hayes v Malkan,* 26 NY2d 295, 299-300). The order should, therefore, be affirmed. ¶ Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.