■ JOSEPH J. GRIFFEN, III, an Infant, by JOSEPH J. GRIFFEN, JR., His Parent, et al., Respondents, v GARY GRISWOLD et al., Respondents, and PETER CALHOUN, Appellant.—Levine, J. Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered July 27, 1984 in Rensselaer County, which, *inter alia,* denied defendant Peter Calhoun's cross motion for summary judgment dismissing the complaint and cross claims against him and granted defendant Jesse Reed's motion for summary judgment on her cross claim against defendant Calhoun.

On August 26, 1980, the infant plaintiff (hereinafter plaintiff) was driving a truck in a northerly direction on Route 40, a two-lane highway in the Town of Schaghticoke, Rensselaer County, following a slower-moving vehicle. At a straightaway in the road, plaintiff decided to pass, accelerated and then pulled into the southbound lane. As plaintiff drew even with the slower vehicle, a blue station wagon exited from a driveway leading to a gravel pit on the west side of Route 40 and turned into the southbound lane directly in front of plaintiff. At that point, the drivers of the three involved vehicles took evasive action. The station wagon and the overtaken vehicle

each pulled to the right toward the edges of the highway and plaintiff maneuvered between them. In this way, a collision was averted. However, in the process of maneuvering between the two other cars, plaintiff lost control of the truck, it turned over and he was severely injured.

Plaintiff sued, *inter alia,* defendant Peter Calhoun, the operator in possession of the gravel pit property under a purchase and sale agreement, and defendant Jesse Reed, the owner of the property upon which the driveway and gravel pit were located. Plaintiff's theory of liability against those defendants, as described in his bill of particulars, was based upon Calhoun's alleged negligence in improperly maintaining the premises by permitting gravel and other debris to enter the road, and in failing to post a sign or otherwise warn of a dangerous intersection. Reed cross-claimed against Calhoun for indemnity and/or contribution.

Following examinations before trial of Calhoun and plaintiff, Reed moved for summary judgment dismissing the complaint or, in the alternative, granting judgment on her cross claim against Calhoun on the grounds that Calhoun was in actual exclusive control of the premises and was contractually obligated to maintain the driveway. Calhoun cross-moved for summary judgment dismissing the complaint and all cross claims. Special Term (1) denied Calhoun's motion on the ground that a question of fact existed as to his negligence, and (2) granted Reed's motion for judgment on her cross claim against Calhoun, noting that there was no opposition to that relief. Calhoun appeals from both rulings.

We disagree with Special Term's conclusion that a triable issue of fact exists as to Calhoun's liability in negligence. The examinations before trial of plaintiff and Calhoun and the photos submitted in support of Calhoun's cross motion establish that the land and highway were basically level and that there were no visual obstructions beyond those normally to be expected in a rural area such as that where this accident occurred. The gravel pit driveway was 500 feet long and 50 feet wide for approximately the first 50 feet from the road. The only regular use of the driveway was by trucks operated by Calhoun's wholly owned excavation company. The property was posted against trespassers, although vehicles occasionally used the driveway to turn around and go in the opposite direction on Route 40. According to plaintiff's examination before trial, when he pulled out to pass, he could see about two car lengths of the driveway leading to the highway; he observed the blue station wagon when its front end was about

10 feet from the entrance and further observed that the vehicle did not stop at any time before it came on to Route 40 and headed in a southerly direction. Plaintiff also testified that the cause of his losing control of the truck was the shifting of the weight of 100 gallons of water in a container in the rear of the truck as he swerved to avoid colliding with the other cars. The foregoing evidence, submitted by Calhoun in admissible form, was sufficient to establish his defense. On the basis of that submission, there was no hazardous condition in connection with the operation and maintenance of the gravel pit and driveway creating a risk to users of the highway that Calhoun had a duty to prevent or warn against. Here, as in *Matthews v Scotia-Glenville School Sys.* (94 AD2d 912, *lv denied* 60 NY2d 559), the accident was caused by the negligence of the driver of the vehicle entering the highway from the driveway in not keeping a proper lookout for plaintiff's vehicle. The condition or existence of the driveway merely furnished the occasion for the accident, and was not one of its causes *(supra; see also, Davenport v Apostol,* 26 AD2d 874, *affd* 22 NY2d 943).

Since Calhoun's submission thus prima facie established a defense to the action, the burden shifted to plaintiff to demonstrate the existence of a triable issue of fact by counterproof in admissible form *(Zuckerman v City of New York,* 49 NY2d 557, 562). Plaintiff made no such showing. As previously noted, photographs of the scene do not depict any unusual visual obstruction for drivers either entering on the highway from the driveway or on Route 40 itself. No proof was submitted of the existence of gravel or debris on Route 40 at the subject intersection, let alone any proof that any such condition, contributed to causing plaintiff's truck to go out of control. Nor was the evidence of three recent prior accidents on Route 40 in the vicinity of the gravel pit entrance at all probative of the existence of a dangerous condition, since none of the accidents involved the ingress or egress of a vehicle from the driveway in question. Since no triable issue of fact was raised concerning any hazardous condition for which Calhoun was responsible, his cross motion for summary judgment dismissing the complaint should have been granted.

Our conclusion that there was no actionable negligence on Calhoun's part which brought about plaintiff's injuries would ordinarily require reversal of that portion of Special Term's order granting Reed summary judgment on her claim for implied indemnification/contribution against Calhoun as the active tort-feasor. However, relying on the recital in the order

that there was no opposition to that relief and upon CPLR 5511, Reed contends that Calhoun is precluded from appealing that portion of the order. We are of the view that Calhoun's cross motion for summary judgment dismissing the complaint and all cross claims and his attorney's appearance on the return date were sufficient to preserve his right to appeal (see, Jay-Washington Realty Corp. v Koondel, 268 App Div 116, 120).

Order modified, on the law, without costs, by reversing so much thereof as granted defendant Jesse Reed's motion for summary judgment on her cross claim against defendant Peter Calhoun and denied defendant Calhoun's cross motion for summary judgment dismissing the complaint and all cross claims against him; motion denied, cross motion granted, and the complaint and all cross claims against defendant Calhoun are dismissed; and, as so modified, affirmed. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.