(June 9, 1986)

■ MARISELA ABREU, Respondent, v GETTY REFINING AND MARKETING COMPANY, INC., et al., Appellants.—In a negligence action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Golden, J.), entered July 18, 1985, which denied their motion for summary judgment.

Order reversed, on the law, with costs, and motion granted.

The plaintiff allegedly sustained serious injuries when a vehicle, which was being road tested by an employee of Kitlitz Service Station, Inc. (hereinafter Kitlitz), struck her while she was in the process of crossing an intersection in Kings County. The plaintiff subsequently commenced the instant action against Getty Refining and Marketing Co., Inc., and its division, Tide Water Realty Company (hereinafter Getty), the lessor of the premises upon which Kitlitz was situated. In her complaint, the plaintiff alleged that Getty failed to exercise proper supervision and control over the service station and that it further failed to institute and enforce proper safeguards and requirements.

In order for Getty to be held legally accountable for the plaintiff's injuries, Getty must have had the right "to direct and control the manner of performing the very work in which the carelessness occurred" *(see, Vogel v Mayor of City of N. Y.,* 92 NY 10, 18). However, the lease agreement between Getty and Kitlitz provided in pertinent part: "8: Lessee may conduct Lessee's business on said premises as Lessee sees fit, and none of the provisions of this lease shall be construed as reserving to Lessor any right to exercise any control or management over the business or operations of Lessee. It is understood and agreed that neither Lessee nor any person or persons performing any duties or engaged in any work at the request of Lessee upon said premises shall be an employee or agent of Lessor."

Although Kitlitz was required to comply with certain general conditions imposed by Getty, it is clear from this provision of the lease agreement that Getty was not permitted to dictate the particular manner in which the work was to be performed *(see also, Price v Cities Serv. Oil Co.,* 71 AD2d 700; *Caparatta v De Rosa,* 66 AD2d 764; *Kelly v Major Brand*

*Gasoline Corp.,* 63 AD2d 861; *Gelman v Ford Motor Co.,* 56 Misc 2d 209). The harm suffered by the plaintiff at bar materialized because of the negligence of an employee of the lessee, an act which could not have been foreseen by Getty. Moreover, the restrictions imposed by Getty under the lease were completely unrelated to the acts which gave rise to the plaintiff's injuries.

"A duty to prevent negligence should not be imposed on one who does not control the tort-feasor" *(see, Fessler v Brunza,* 89 AD2d 640, 641; *Clarke v Unanue,* 97 AD2d 888). Since Getty was not contractually entitled to supervise and control the operations of Kitlitz, and since Getty was not in a position to exercise control over Kitlitz' employees, it may not be held liable as a matter of law for the injuries sustained by the plaintiff. Accordingly, Special Term erred in denying Getty's motion for summary judgment. Lazer, J. P., Brown, Rubin and Eiber, JJ., concur.