■ JOHN F. DAVERSA, Appellant, v WILLIAM J. HARRIS, JR.,

et al., Defendants, and DUNKIN' DONUTS OF AMERICA, INC., et al., Respondents.—Levine, J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered October 24, 1989 in Schenectady County, which granted a motion by defendants Dunkin' Donuts of America, Inc. and Maurice Epstein for summary judgment dismissing the complaint and all cross claims against them.

In March 1985, plaintiff was seriously injured as he was exiting a Dunkin' Donuts store located on Central Avenue in the City of Albany, when the vehicle he was driving was struck by another vehicle operated by defendant William J. Harris, Jr. and owned by defendant Joseph M. Glenda. At the time of the accident, plaintiff had exited the eastern most driveway of the store and was attempting to make a left-hand turn into the westbound lanes of Central Avenue. As plaintiff crossed over the two lanes of eastbound traffic, Harris, who was proceeding east on Central Avenue, struck plaintiff's vehicle in the eastbound passing lane.

Plaintiff commenced this action against, among others, Harris, Glenda and defendants Dunkin' Donuts of America, Inc. and Maurice Epstein, the owner of the Central Avenue store. Plaintiff's theory of liability against Dunkin' Donuts of America, Inc. and Epstein (hereinafter collectively referred to as defendants) was that, *inter alia,* they were negligent in creating and maintaining an unsafe exit from the store premises and in failing to proscribe a left-hand turn onto Central Avenue from such premises.

Following pretrial discovery, defendants moved for summary judgment dismissing the complaint and the cross claims of Harris and Glenda, upon the grounds that they owed no duty to plaintiff and that, even assuming a duty, plaintiff's own culpable conduct was the proximate cause of the accident. Supreme Court granted defendants' motion and this appeal by plaintiff followed.

We affirm. In order to sustain a cause of action for negligence, a court must first determine, as a matter of law, that the defendant owed a duty to the plaintiff *(see, Pulka v Edelman,* 40 NY2d 781, 782; *Palsgraf v Long Is. R. R. Co.,* 248 NY 339; *Matthews v Scotia-Glenville School Sys.,* 94 AD2d 912, *lv denied* 60 NY2d 559; *Donohue v Copiague Union Free School Dist.,* 64 AD2d 29, 33, *affd* 47 NY2d 440). In this case, plaintiff has submitted no proof in admissible form tending to establish that the existence or maintenance of defendants' driveway created a risk to their patrons that they had a duty to prevent or warn against *(see, Griffen v Griswold,* 114 AD2d

596, 598; *Matthews v Scotia-Glenville School Sys., supra).* While the location of defendants' driveway was such that their patrons were required to exit onto an admittedly busy roadway, defendants did nothing to increase or enhance the obvious and ordinary risk attendant to such activity. Had defendants, for example, erected a sign or other obstruction on their premises blocking their patrons' view of oncoming, off-premises traffic, it is conceivable that such conduct would have given rise to a duty *(see, Boudreaux v Sonic Indus.,* 729 P2d 514 [Okla]). Here, however, plaintiff testified at his examination before trial that he did not recall seeing any vehicles approaching prior to pulling out of defendants' driveway, but that he had an unobstructed view to his left for a distance of 200 feet up Central Avenue. Under these facts, we cannot conclude that defendants owed a duty to plaintiff to prevent or warn against an accident which clearly resulted from plaintiff's own failure to use due care in proceeding from defendants' driveway *(see,* Vehicle and Traffic Law §§ 1143, 1173; *see also, Pulka v Edelman, supra,* at 785; *Olsen v Baker,* 112 AD2d 510, 511, *lv denied* 66 NY2d 604). Nor should a duty be imposed on defendants here, since they had no authority to regulate either the turning of vehicles exiting their premises or the traffic on Central Avenue *(see,* Vehicle and Traffic Law § 1640 [a] [2], [11]), and thus had no control over the conduct of plaintiff or Harris in the operation of their vehicles *(see, Matthews v Scotia-Glenville School Sys., supra; Fessler v Brunza,* 89 AD2d 640, 641).

Moreover, even if we were to find that defendants owed a duty to plaintiff, we agree with Supreme Court that defendants have sufficiently established through their submissions that the operation of the vehicles involved, rather than the existence or use of defendants' driveway, was the proximate cause of plaintiff's accident. While the driveway may have " 'furnished the condition or occasion for the [accident]' ", it was not " 'one of its causes' " *(Margolin v Friedman,* 43 NY2d 982, 983, quoting *Sheehan v City of New York,* 40 NY2d 496, 503; *see, Griffen v Griswold, supra).*

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.