■ PAUL GORDON, Appellant, v INCORPORATED VILLAGE OF LAKE GROVE et al., Respondents, et al., Defendants.—In an action to recover damages for personal injuries, the plaintiff

appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), entered December 6, 1989, as granted the motion by the defendants Amoco Oil Company and Victor and Theresa Frederick for summary judgment dismissing the complaint as against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

On September 14, 1985, Kevin Sullivan, who was driving a truck, exited the Lake Grove Amoco Service Station via the curb cut closest to the crest of a hill. As he turned left and began to cross the westbound lanes of Middle County Road (New York State Highway Route 25) to reach the eastbound lanes, he collided with a car operated by P.J. O'Sullivan which was travelling west on that same road. The collision occurred approximately 100 feet east of Hallock Road. The plaintiff was a passenger in O'Sullivan's car.

The plaintiff thereafter commenced a claim in the Court of Claims against the State of New York, alleging, *inter alia,* that the State was negligent in permitting the construction of the curb cuts at the Amoco Station without taking into consideration the nature of the surrounding roadway and hill which restricted the sight distance of a motorist exiting the service station onto Route 25. The plaintiff then commenced this action against, among others, Amoco Oil Company (hereinafter Amoco), Victor Frederick and Theresa Frederick. The plaintiff alleged that Amoco and the Fredericks were negligent for allowing the curb cuts to be constructed in a dangerous location where the sight distance was limited.

The Court of Claims held, after trial, that the State was not negligent in the design, construction and maintenance of Middle County Road based upon allowing a curb cut on this road, as the sight distance met the minimum requirements promulgated in the Manual of Policy and Standards for Entrances to State Highways. The defendants Amoco and the Fredericks then sought leave in this action to amend their answer to assert collateral estoppel and release as affirmative defenses and an order granting summary judgment dismissing the complaint. The Supreme Court granted the motion and we affirm.

We find that the plaintiff had a full and fair opportunity to litigate the identical issue of the dangerous location of the curb cut in the Court of Claims. Accordingly, the adverse ruling is binding against him in this action *(see, Dimacopoulos v Consort Dev. Corp.,* 158 AD2d 658, 659; *Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65).

We conclude further that the Supreme Court correctly granted the motion by the respondents Amoco and Victor and Theresa Frederick for summary judgment dismissing the complaint as against them on the ground that the location of the service station curb cut did not create a duty on the part of the service station owners to warn patrons not to make a left turn from that exit (see, Pulka v Edelman, 40 NY2d 781, 782; Loconti v Creede, 169 AD2d 900; Daversa v Harris, 167 AD2d 810). Contrary to the plaintiff's contention, he did not raise a triable issue of fact as to the existence of an ambiguous, "Enter Only", warning sign placed by the movants at the curb cut exit in question. The plaintiff offered no proof to establish that this sign was posted on the evening in question. In fact, Kevin Sullivan, the man who traversed the curb cut and was a regular customer of Amoco, testified at his examination before trial that he did not see any signs in the vicinity of the curb cuts at the time of the accident. Brown, J. P., Kunzeman, Harwood and Rosenblatt, JJ., concur.