■ ADALGISA LUGO, Appellant, v BRENTWOOD UNION FREE SCHOOL DISTRICT, Respondent, et al., Defendants. [622 NYS2d 553] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated August 18, 1993, as granted the motion of the defendant Brentwood Union Free School District for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

On February 27, 1990, the plaintiff was driving eastbound on Ninth Avenue in Brentwood, New York, when her automobile was struck by a vehicle that had exited from a driveway located on the grounds of the Brentwood Middle School, operated by the defendant Brentwood Union Free School District (hereinafter the School District). According to the plaintiff, the vehicle, which was operated by Theresa Smith (hereinafter Smith), did not stop at the end of the driveway before proceeding onto Ninth Avenue. The plaintiff contends, *inter alia,* that a stop sign adjacent to the driveway exit improperly faced Ninth Avenue rather than controlling traffic exiting the driveway.

It is well settled that before a defendant may be held liable for negligence it must be shown that the defendant owes a duty to the plaintiff *(see, Strauss v Belle Realty Co.,* 65 NY2d 399; *Pulka v Edelman,* 40 NY2d 781; *Palsgraf v Long Is. R. R. Co.,* 248 NY 339). In the absence of a duty, there is no breach and without a breach there is no liability *(see, Kimbar v Estis,* 1 NY2d 399, 403). In the case at bar, since the School District did not control the operation of Smith's vehicle, it did not have a duty to prevent any negligence involved in such operation *(see, Pulka v Edelman, supra,* at 784).

Assuming, as the plaintiff contends, that the School District breached a duty of care by improperly placing the stop sign to face toward the public street and away from the traffic exiting the school driveway, we nevertheless find that the sole proximate cause of this accident was Smith's failure to exercise reasonable care before proceeding from the driveway onto Ninth Avenue *(see, Levitt v County of Suffolk,* 166 AD2d 421). Moreover, "a duty to exercise care when emerging from a driveway is specifically imposed upon drivers by Vehicle and Traffic Law §§ 1143 and 1173 and the extension of that duty [is] beyond the limits of public policy" *(Loconti v Creede,* 169 AD2d 900, 902). Accordingly, the Supreme Court correctly granted that branch of the motion of the School District which was for summary judgment dismissing the complaint insofar as asserted against it since the plaintiff failed to demonstrate a prima facie case of negligence against the School District. Mangano, P. J., Sullivan, Balletta and Miller, JJ., concur.