■ DENETRA L. WEATHERS et al., Appellants, v DANIEL E. GRIX, Appellant, and BANK OF NEW YORK, Respondent. [710 NYS2d 109] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Davis, J.), entered July 7, 1999, as granted that branch of the motion of the defendant Bank of New York which was for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Daniel E. Grix separately appeals, as limited by his brief, from so much of the same order as granted that branch of the motion of the defendant Bank of New York which was for summary judgment dismissing all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The plaintiff Denetra L. Weathers, after conducting business at a branch of the defendant Bank of New York (hereinafter the Bank), mounted her bicycle on the sidewalk in front of the Bank in order to depart. As she headed toward the curb cut, but while she was still on the sidewalk, she came into contact with a motor vehicle being driven by the defendant Daniel E. Grix. Grix had just conducted business at the Bank's drive-thru teller window and was exiting a driveway from the Bank that traversed the sidewalk. Denetra and her husband (asserting derivative claims) thereafter commenced this negligence

action against Grix and the Bank. As against the Bank, the plaintiffs alleged, *inter alia,* that the close proximity of the Bank building to the sidewalk, and the location of the drive-thru teller window (which caused drivers to keep their vehicles close to the wall of the Bank) created a dangerous condition on the sidewalk. They further contended that the Bank failed to either warn of such a danger or provide adequate safeguards against the same, such as, *inter alia,* mirrors or lights.

The Bank moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Bank argued, *inter alia,* that it owed no duty to Denetra, a pedestrian on a public sidewalk, and that, in any event, neither the layout of the building nor the location of the drive-thru teller was a proximate cause of her injuries. Rather, the Bank argued, the proximate cause of such injuries was, *inter alia,* the failure of Grix to adequately observe and his failure to come to a complete stop before entering onto the sidewalk, as required by Vehicle and Traffic Law § 1173. The plaintiffs cross-moved for summary judgment. In the order appealed from, the Supreme Court granted the Bank's motion and denied the plaintiffs' cross motion. We affirm.

In opposition to the Bank's prima facie demonstration of entitlement to judgment as a matter of a law, the appellants failed to raise a triable issue of fact (*see, Pulka v Edelman,* 40 NY2d 781; *Lugo v Brentwood Union Free School Dist.,* 212 AD2d 582; Vehicle and Traffic Law § 1173). Assuming that the layout of the Bank building and/or the location of the drive-thru teller created or contributed to a dangerous condition on the sidewalk, and that the Bank neither remedied it nor provided adequate warning, the appellants failed to raise a triable issue of fact that such a condition was a proximate cause of the injuries at issue (*see, Rodriguez v Davis Equip. Corp.,* 235 AD2d 222; *Gordon v Incorporated Vil. of Lake Grove,* 173 AD2d 770; *Daversa v Harris,* 167 AD2d 810). Ritter, J. P., Thompson, S. Miller and Florio, JJ., concur.