■ RICHARD G. SPRAGUE II et al., Appellants, v STATE OF NEW YORK, Respondent. [828 NYS2d 433]—

In a claim to recover damages for personal injuries, etc., the claimants appeal from a judgment of the Court of Claims (Marin, J.), dated June 15, 2005, which, upon a decision of the same court dated May 23, 2005 made after a nonjury trial on the issue of liability, dismissed the claim.

Ordered that the judgment is affirmed, with costs.

On an appeal from a judgment entered after a nonjury trial, the power of this Court to review the evidence " 'is as broad as that of the trial court, bearing in mind . . . that due regard must be given to the decision of the Trial Judge who was in a position to assess the evidence and the credibility of the witnesses' " (*Tornheim v Kohn*, 31 AD3d 748 [2006], quoting *Universal Leasing Servs. v Flushing Hae Kwan Rest.*, 169 AD2d 829 [1991]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Letterese v State of New York*, 33 AD3d 593 [2006]; *779 E. N.Y. Ave. Assoc., LLC v Gurary*, 31 AD3d 627 [2006]). Here, the trial court found that the subject accident was caused solely by the negligence of the driver who was operating the vehicle in which the injured claimant was a passenger. The trial court's finding that the failure of this driver to yield the right of way to oncoming traffic was the sole proximate cause of the accident, and that the State's alleged negligence in removing and failing to reinstall a channelizing traffic island at the accident site did not contribute to the occurrence of the accident, is supported by the record, and we find no reason to disturb it (*see Weathers v Grix*, 273 AD2d 463 [2000]; *Iwaszkiewicz v Callanan Indus.*, 258 AD2d 776 [1999]; *Hersman v Hadley*, 235 AD2d 714 [1997]; *Lugo v Brentwood Union Free School Dist.*, 212 AD2d 582 [1995]; *Cimino v City of New York*, 54 AD2d 843, 844 [1976], *affd* 43 NY2d 966 [1978]). Schmidt, J.P., Santucci, Krausman and Rivera, JJ., concur.