■ BRUCE HUNER, Appellant, v STATE OF NEW YORK, Respondent. [934 NYS2d 828]—

On an appeal from a judgment entered after a nonjury trial, the power of this court " 'to review the evidence is as broad as that of the trial court, bearing in mind . . . that due regard must be given to the decision of the Trial Judge who was in a

position to assess the evidence and the credibility of the witnesses' " (*Tornheim v Kohn*, 31 AD3d 748, 748 [2006], quoting *Universal Leasing Servs. v Flushing Hae Kwan Rest.*, 169 AD2d 829, 830 [1991]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Sprague v State of New York*, 35 AD3d 843 [2006]). After a nonjury trial, the Court of Claims determined, inter alia, that the defendant's employee's operation of a state-owned vehicle was not negligent. Based on this determination, the Court of Claims concluded that the defendant could not be held liable, because any purported negligence in permitting the employee to drive without a driver's license was not a proximate cause of the accident.

We find no basis to disturb this determination. The evidence in the record revealed that state-owned vehicles were permitted to be operated in the area of the park where the accident occurred and that the defendant's employee was driving the state-owned vehicle slowly and braked immediately upon seeing the claimant enter the walkway on his bicycle from around a blind corner (*see Sprague v State of New York*, 35 AD3d 843 [2006]).

In light of our determination, we need not address the parties' remaining contentions. Angiolillo, J.P., Dickerson, Hall and Sgroi, JJ., concur.