■ RICHARD FORCINO, Respondent, v E. BEVON MIELE, as Executor of PETRONILLA MIELE, Deceased, et al., Appellants, et al., Defendants.—In an action for specific performance of a contract for the sale of real property, the defendants E. Bevon Miele and Angela Cerchio appeal from a judgment of the

Supreme Court, Westchester County (Ruskin, J.), dated February 25, 1985, which is in favor of the plaintiff and against them, upon the plaintiff's motion for summary judgment.

Judgment reversed, on the law, with costs, and the plaintiff's motion for summary judgment denied.

The plaintiff seeks to enforce a contract to convey to him certain property located in New Rochelle which was owned by the defendants' now deceased mother, Petronilla Miele. Prior to Mrs. Miele's death, the contract was signed by her daughter, the defendant Antoinette Wilkinson, under the authority of a written power of attorney allegedly executed by Mrs. Miele. At the time, Mrs. Miele had been discharged from a nursing home and was living with her daughter in Ithaca, having been diagnosed as suffering from organic brain syndrome, a disease which affects the elderly and is characterized by a progressive and degenerative loss of mental ability.

Two days after the contract was executed, the defendant E. Bevon Miele petitioned the Supreme Court, Tompkins County, for appointment as his mother's conservator. His sister Antoinette cross-petitioned for the same relief, and her application was granted. In establishing a plan for the management of Mrs. Miele's assets, the court approved the contract with the plaintiff and directed that the conveyance take place as soon as possible. Mrs. Miele died about three weeks after the order of conservatorship was entered, so the defendant Wilkinson was never able to consummate the sale in her capacity as conservator.

The plaintiff subsequently commenced this action for specific performance of the contract. In answering, the defendant E. Bevon Miele, who had been appointed the executor of Mrs. Miele's estate, did not question the plaintiff's willingness or ability to close. Rather, he claimed that the contract was not binding upon the estate because it had not been executed by Mrs. Miele, alleging that the power of attorney was invalid because Mrs. Miele lacked the mental capacity to appoint an attorney-in-fact or because it was the product of fraud, duress or undue influence. Special Term granted summary judgment to the plaintiff on the ground that the defendant Miele was collaterally estopped from raising these issues by the approval of the contract contained in the order creating the conservatorship. We reverse.

Application of the doctrine of collateral estoppel depends upon two factors: (1) " 'an identity of issue which has necessarily been decided in the prior action and is decisive of the

present action' "; and (2) " 'a full and fair opportunity to contest the decision now said to be controlling' " *(Shanley v Callanan Indus.,* 54 NY2d 52, 55, quoting from *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71). The burden of establishing the first of these factors is upon the party seeking to impose a collateral estoppel; the second is to be disproven by the opponent *(Kret v Brookdale Hosp. Med. Center,* 61 NY2d 861, *affg on opn below* 93 AD2d 449).

For the purposes of this motion, the plaintiff has failed to carry his burden of establishing the identity of the issues in the two proceedings. The issue in the conservatorship proceeding was not Mrs. Miele's competence or the influences upon her when she executed the power of attorney, but her ability to manage her own affairs at the time of the proceeding *(see,* Mental Hygiene Law § 77.01). While it is conceivable that the circumstances surrounding the execution of the power of attorney might have been relevant to the conservatorship proceeding, there is no indication in this record that they were raised before the court or that the contract was challenged on the grounds which are alleged here. Indeed, the only evidence in the record concerning the conservatorship hearing, an affidavit of the attorney who represented the defendant Miele in that matter, indicates that the power of attorney and contract were not even discussed in argument or the court's decision. The approval of the contract contained in the order seems simply to be a reflection of the court's obligation to set forth a plan for the management of the conservatee's affairs *(see,* Mental Hygiene Law § 77.19). The plaintiff has therefore failed to establish that the issue here, the validity of the power of attorney, was necessarily decided in the conservatorship proceeding.

Even if he had, summary judgment would not be appropriate, since the defendant Miele has raised a triable issue of fact with respect to his lack of an opportunity to litigate the validity of the contract. Mr. Miele has shown, by the affidavit of his attorney in the conservatorship proceeding, that approval of the contract was not raised during the hearing and first became an issue when a judgment containing a clause to that effect was submitted by the attorney for the defendant Wilkinson. We do not know whether he had notice of the proposed judgment before it was submitted. Nevertheless, on this record we can conclude only that Mr. Miele's first opportunity to contest the approval of the sale came after the hearing had been concluded, and would have required a challenge to the judgment itself. Although Mr. Miele took an

appeal from that judgment within the required time, his mother's death took place shortly afterwards. While the appeal ultimately was dismissed for failure to prosecute, it had in any event abated because of the death *(see, Matter of Thomas,* 21 NY2d 720), which caused the authority of the conservator to end *(see, Carter v Beckwith,* 128 NY 312) and required her discharge (Mental Hygiene Law § 77.35). Mr. Miele seems to have been prevented by the fact of his mother's death from litigating, on appeal or otherwise, the approval of the sale and, on this record at least, summary judgment precluding him from contesting in this action the validity of the power of attorney and contract is not warranted *(see, Ryan v New York Tel. Co.,* 62 NY2d 494; *Gilberg v Barbieri,* 53 NY2d 285).

Accordingly, Special Term erred in granting summary judgment on the basis of the prior determination. Mollen, P. J., Lazer, Thompson and Kunzeman, JJ., concur.