■ Marlana Conti, an Infant, by Anthony F. Conti, Her Father and Natural Guardian, Respondent, v Danielle G. Lende, as Personal Representative of the Estate of Richard A. Lende, Deceased, et al., Appellants. [599 NYS2d 310] —Mercure, J. Appeal from an order of the Supreme Court (Kahn, J.), entered April 22, 1992 in Albany County, which denied defendants' motion for summary judgment dismissing the complaint.

This medical malpractice action was brought to recover damages allegedly suffered by plaintiff, then four years old, in connection with the subtotal surgical removal of a tumor in her brain in December 1971, subsequent radiation and chemotherapy, and additional related medical care. On a previous appeal, to which we refer for a more complete statement of the facts, this Court reversed Supreme Court's denial of a motion for summary judgment by defendants Albany Medical Center Hospital, Arthur A. Stein and Donald N. Baxter and dismissed the complaint against them (see, Conti v Albany Med. Ctr. Hosp., 159 AD2d 772, lv denied 76 NY2d 702). As indicated on the prior appeal, the complaint alleges "a failure to properly diagnose and treat plaintiff's condition, the perfor-

mance of surgery which resulted in the irreversible destruction of brain tissue, the introduction of bacteria and other infectious material into plaintiff's skull, the mistaken evaluation of plaintiff's condition as hopelessly terminal and the failure to adequately monitor plaintiff while she was under defendants' care and supervision" (supra, at 773).

In the previous decision, we focused primarily upon the claims that the pathology reports prepared by Stein and defendant Kevin D. Barron were inconsistent with one another, that Stein's report, which diagnosed a far more treatable cancer, was the correct one, and that, had the treating physicians not improperly relied upon Barron's incorrect diagnosis, a far more conservative and less destructive course of treatment would have been employed. On the record then before us (and in the absence of a competent evidentiary showing by plaintiff), we found as a matter of law that the reports of Stein and Barron did not contradict one another; to the contrary, consistent with the policy then in effect at the hospital, Barron's report was merely more definitive (supra, at 774-775). We also found that the claimed discrepancy between the reports would have had no bearing upon the ultimate course of radiation therapy in any event. Finally, we determined that the claims of (1) failure to properly treat plaintiff's condition, (2) introduction of bacteria and other infectious material into her skull, (3) failure to monitor her with the same degree of thoroughness and diligence accorded to patients not considered terminal and having hope of recovery, and (4) other acts and omissions constituting malpractice and negligence, were so devoid of particularity as to place no initial burden upon the moving defendants with regard to them (supra, at 774, n).

On the current motion, the remaining defendants, Danielle G. Lende, as personal representative of the estate of Richard A. Lende, deceased, the neurosurgeon who performed the surgery upon plaintiff, Peggy A. Hanson (incorrectly sued as Hansen), a child neurologist, Barron, Louis R. Nelson, the neurosurgeon who took over plaintiff's case following Lende's death in the fall of 1973, and Kenneth B. Olson, the head of the oncology service at the hospital, moved for summary judgment. Concluding that factual issues existed as to whether Barron's diagnosis was accurate, whether the treating defendants were justified in rejecting Stein's contrary diagnosis, which, according to Supreme Court, would have called for an entirely different treatment, and whether defendants or any of them committed malpractice in abandoning plaintiff as a

hopeless case, Supreme Court denied the motion. Defendants appeal.

We reverse. As properly contended by defendants, our prior order granting judgment dismissing the complaint against the hospital, Stein and Baxter collaterally estops plaintiff from now asserting that Barron's diagnosis was incorrect *(see, Mahota v City of Hudson,* 179 AD2d 845, 846, *lv denied* 79 NY2d 760). Contrary to Supreme Court's current pronouncement that the diagnosis was "without doubt" incorrect, we have already concluded that there was no evidentiary basis for plaintiff's claim of misdiagnosis, thereby resolving that issue as a matter of law. The fact that plaintiff's failure on the prior motion to come forward with "a competent medical opinion that any of the physicians named as defendants * * * were guilty of malpractice or negligence" *(Conti v Albany Med. Ctr. Hosp.,* 159 AD2d 772, 775, *supra)* contributed to the determination of the issue is of no moment. The relevant inquiry is not whether plaintiff adequately defended the prior motion but, rather, whether she had a "full and fair opportunity" to do so *(see, Mahota v City of Hudson, supra,* at 846). Having had such an opportunity, plaintiff is "precluded by the doctrine of collateral estoppel from relitigating the issue which was finally decided by the prior order" *(supra,* at 846; *see, Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485). In view of the fact that all of the reasonably ascertainable claims asserted against defendants arise out of the assumption that there is an unresolvable conflict between Stein's diagnosis and Barron's diagnosis and that Stein's diagnosis was the correct one, we are constrained to grant summary judgment in favor of defendants and dismiss the complaint.

Mikoll, J. P., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendants and complaint dismissed.