■ In the Matter of the Conservatorship of RITA GLENER. IRA LEFTON, Respondent; IRA GLENER, Appellant; MARVIN GLENER et al., Respondents. [609 NYS2d 26] —In a proceeding, *inter alia,* to compel Ira Glener, Marvin Glener, and Marion Glener to turn over to the conservator assets of the conservatee in their possession, Ira Glener appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Kassoff, J.), dated May 13, 1993, as authorized the conservator to settle and compromise a prior judgment against Marvin Glener and Marion Glener.

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by Marvin Glener and Marion Glener, and the conservator's petition seeking authority to compromise and settle the judgment against Marvin Glener and Marion Glener is dismissed.

In October 1991 the conservator for Rita Glener obtained a judgment on her behalf against Marvin Glener and Marion Glener in an underlying turnover proceeding. Thereafter, in October 1992 he moved for the approval of a proposed compromise and settlement of the underlying judgment. After a hearing, the Supreme Court denied the motion, but indicated its willingness to favorably consider a further application for compromise and settlement for a sum not less than $230,000. In February 1993 the conservator and the judgment debtors agreed on a revised compromise in that sum, and filed a written order for the court's signature. The court issued the proposed order on May 13, 1993. However, the conservatee Rita Glener had previously died on March 18, 1993. Despite her demise, no party moved to discharge the conservator *(see,* Mental Hygene Law § 81.36 [Mental Hygene Law former § 77.35]).

We find that, although the conservator had not been discharged subsequent to the conservatee's death and prior to the issuance of the court's order, the conservator no longer had the authority to compromise a judgment belonging to the conservatee's estate. The conservator's authority and duties are chiefly directed toward the care and welfare of a living conservatee *(see generally,* Mental Hygiene Law §§ 81.20, 81.21, 81.22 [Mental Hygiene Law former § 77.19]). Upon the death of the conservatee, the conservator is simply authorized to "wind up" the conservator's estate and provide for the conservatee's burial *(see, e.g.,* Mental Hygiene Law § 81.20 [a] [6] [iii]; § 81.33 [c]; § 81.36 [e]). The death of a conservatee causes the authority of the conservator to end and requires

the conservator's discharge *(see, Forcino v Miele,* 122 AD2d 191, 194; *Carter v Beckwith,* 128 NY 312). Sullivan, J. P., Miller, O'Brien and Krausman, JJ., concur.