■ EILEEN HARRISON, Appellant, v JOHN A. STANTON III, Defendant, and SITE DEVELOPMENT ASSOCIATES, INC., et al., Respondents. [677 NYS2d 164] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated May 30, 1997, which granted the respondents' respective motions for summary judgment dismissing the complaint insofar as asserted against them, and denied as moot her cross motion for leave to serve and file a second amended complaint adding a claim for punitive damages against the respondents.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

On April 30, 1991, the plaintiff was seriously injured as the result of a motor vehicle accident at the intersection of Route 110 and Brefni Street in Amityville. Directly opposite Brefni Street, on the west side of Route 110, is a small commercial structure, located at 1100 Broadway, with a driveway providing access to and from Route 110. The New York State Department of Motor Vehicles occupies an office immediately south of

the commercial structure. A driveway on its north side, which abuts the other driveway, serves that office.

The collision occurred when the plaintiff, travelling north-bound on Route 110, attempted a left-hand turn into the Department of Motor Vehicles property. Her vehicle collided with the vehicle of the defendant John A. Stanton III.

The plaintiff commenced this action alleging that Stanton was negligent in the operation of his car and that the other defendants were negligent with respect to the design, construction, and operation of the driveway. Following joinder of issue, discovery was completed and the case was placed on the trial calendar. However, it was marked off the calendar to allow a related Court of Claims action against the State of New York to proceed. After a five-day trial the Court of Claims found that the State failed to satisfy its nondelegable duty to provide a safe roadway. It specifically held that the condition of the driveway was not relevant to the subject accident.

Following the determination of the Court of Claims, the defendants in this action moved for leave to amend their respective answers so as to include the affirmative defense of collateral estoppel, and for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff cross-moved for leave to amend her complaint to add a claim for punitive damages against the defendants.

The Supreme Court properly granted the respondents' respective motions for summary judgment and denied the plaintiff's cross motion. The plaintiff had a full and fair opportunity to litigate the identical issue concerning the negligent design, construction, and operation of the driveway at 1100 Broadway in the Court of Claims. Accordingly, the court's ruling there that the condition of the driveway was not relevant to the subject accident is binding against her in this action (*see, Gordon v Incorporated Vil. of Lake Grove,* 173 AD2d 770). O'Brien, J. P., Santucci, Joy and Friedmann, JJ., concur.