■ LYDIA JORDAN et al., Appellants, v MICHAEL M. MATVEICHIK et al., Respondents, et al., Defendants. (Action No. 1.) LYDIA JORDAN et al., Plaintiffs, v BETTIGOLE ANDREWS & CLARK, INC., Defendant. (Action No. 2.) MICHAEL M. MATVEICHIK et al., Respondents, v LYDIA JORDAN, Appellant, et al., Defendants. (Action No. 3.) [696 NYS2d 212] —In three actions to recover damages for personal injuries, etc., Lydia Jordan, a plaintiff in Action No. 1 and a defendant in Action No. 3, and Jean Jordan, a plaintiff in Action No. 1, appeal from so much of (1) an order of the Supreme Court, Suffolk County (Oshrin, J.), dated June 10, 1998, as granted the separate motions of the defendants in Action No. 1 Michael M. Matveichik and Acme Bus Corp. and the plaintiffs in Action No. 3, Michael M. Matveichik and Brenda Matveichik, for summary judgment to the extent of determining that the Jordans were collaterally estopped from denying the negligence of Lydia Jordan and that her negligence was a proximate cause of the accident at issue, and (2) an order of the same court, dated December 29, 1998, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated June 10, 1998, is dismissed, as that order was superseded by the order dated December 29, 1998, made upon reargument; and it is further,

Ordered that the order dated December 29, 1998, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

In prior litigation in the Court of Claims, the appellants in the present actions sought to establish that there was negligence on the part of the State in the design or construction of the intersection at which the accident occurred. After trial, the Court of Claims dismissed the claim based, *inter alia,* upon its conclusion that the accident was due solely to driver error and that it would not have occurred had Lydia Johnson "cautiously 'inched up' [the vehicle] toward the intersection" after stopping for a red light.

The present actions were commenced in the Supreme Court

relating to the same accident. Following dismissal of the Court of Claims matter, Bettigole Andrews & Clark, Inc. (hereinafter BAC), which was the engineering firm that constructed the intersection, Acme Bus Corp., and the other respondents moved for summary judgment on the ground of collateral estoppel. The court granted BAC's motion in its entirety but found that the issue of liability as to the other movants had not been decided in the Court of Claims. The court also held, however, that the appellants were estopped from denying Lydia Jordan's negligence in the accident or that her negligence was a proximate casue thereof.

"The doctrine of collateral estoppel precludes a party from litigating 'an issue which has previously been decided against him in a proceeding in which he had a fair opportunity to fully litigate the point'" (*Kaufman v Eli Lilly & Co.,* 65 NY2d 449, 455, quoting *Gilberg v Barbieri,* 53 NY2d 285, 291; *see, Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 69). Inasmuch as the issues of Lydia Jordan's negligence and proximate causation were already decided against the appellants in the Court of Claims matter which determined whether any liability attached to the State as a result of the accident, the Supreme Court properly precluded the appellants from relitigating those issues in the Supreme Court actions. There is nothing to suggest that the appellants were not afforded a fair opportunity to fully litigate the issues in the Court of Claims (*see, Kaufman v Eli Lilly & Co., supra; Wollman v Long Is. Jewish Med. Ctr.,* 170 AD2d 673, 675; *Forcino v Miele,* 122 AD2d 191).

The parties' remaining contentions are without merit. S. Miller, J. P., Santucci, Sullivan and Florio, JJ., concur.