■ ANTHIE BECKER, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 96287.) [712 NYS2d 130] —In a claim to recover damages for personal injuries, the defendant appeals from an order of the Court of Claims (Silverman, J.), dated November 3, 1999, which denied its motion to amend the answer to include the defense of collateral estoppel and thereupon to dismiss the claim pursuant to CPLR 3211 (a) (5).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the claim is dismissed.

"The doctrine of collateral estoppel precludes a party from litigating 'an issue which has previously been decided against him [or her] in a proceeding in which he [or she] had a fair opportunity to fully litigate the point'" (*Kaufman v Eli Lilly & Co.,* 65 NY2d 449, 455, quoting *Gilberg v Barbieri,* 53 NY2d 285, 291). The issue of the State's negligence was decided against the claimant in an arbitration proceeding conducted in connection with a Supreme Court action by a State employee against the claimant. There is nothing to suggest that the claimant was not afforded a fair opportunity to fully litigate the issue in that proceeding. Accordingly, the State's motion for leave to amend its answer to include a defense of collateral estoppel and to dismiss the claim should have been granted (*see, Jordan v Matveichik,* 265 AD2d 305; *Harrison v Stanton,* 253 AD2d 537; *Scialdone v Shah,* 197 AD2d 567; *Gordon v Incorporated Vil. of Lake Grove,* 173 AD2d 770; *Bechtel v State of New York,* 105 AD2d 677; *Pratt v State of New York,* 181 Misc 2d 488). O'Brien, J. P., Thompson, Sullivan and Altman, JJ., concur.