■ MARSHA MATHIEU, as Temporary Administrator of the Estate of HELEN LEWIS, Deceased, Appellant, v THOMAS M.

SCALEA et al., Respondents, et al., Defendants. [728 NYS2d 755] —In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Patterson, J.), dated November 8, 1999, as granted those branches of the separate motions of the defendants Thomas Michael Scalea and S. Demetis which were pursuant to CPLR 3211 (a) (5) to dismiss the cause of action to recover damages for wrongful death insofar as asserted against them and to limit the action to a determination of their respective liabilities for the decedent's pain and suffering caused by the negligent administration of ampicillin.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to recover damages for medical malpractice and wrongful death based on, *inter alia*, allegations that the respondents improperly admitted the decedent to Downstate Medical Center (hereinafter Downstate), delayed an evaluation of her candidacy for hernia surgery, and delayed a pulmonary consultation, thereby exposing the decedent to an infection which caused severe complications and ultimately her death. In a separate action commenced in the Court of Claims against Downstate to recover damages for medical malpractice and wrongful death, the plaintiff asserted that its employees negligently administered ampicillin, a penicillin derivative, to the decedent for an infection even though they had been informed that she was allergic to penicillin. The plaintiff claimed that the negligent administration of ampicillin contributed to the decedent's death. The Court of Claims, by judgment dated August 26, 1998, upon determining that the sole proximate cause of the decedent's death was pre-existing coronary artery disease and not the negligent administration of ampicillin, dismissed the wrongful death claim. However, the Court of Claims awarded the plaintiff $12,000 for the decedent's pain and suffering caused by the negligent administration of ampicillin. This Court affirmed the judgment of the Court of Claims by decision and order dated December 13, 1999 (*see, Mathieu v State of New York,* 267 AD2d 284).

"The doctrine of collateral estoppel precludes a party from relitigating 'an issue which has previously been decided against him [or her] in a proceeding in which he [or she] had a fair opportunity to fully litigate the point'" (*Kaufman v Lilly & Co.,* 65 NY2d 449, 455, quoting *Gilberg v Barbieri,* 53 NY2d 285, 291; *see, Scialdone v Shah,* 197 AD2d 567). The party seeking to impose the doctrine of collateral estoppel has the burden of

demonstrating that the issues in the present action are identical to the issues in the prior action, while the party resisting collateral estoppel must demonstrate that he or she lacked a full and fair opportunity to litigate the issues in the prior action (*see, Kaufman v Lilly & Co., supra,* at 456).

Here, the issue of the cause of the decedent's death is identical to the issue presented in the Court of Claims, and the plaintiff had a full and fair opportunity to litigate the issue. The plaintiff is collaterally estopped from arguing that the decedent's death was caused by something other than the pre-existing coronary artery disease. Therefore, the Supreme Court properly dismissed the wrongful death cause of action insofar as asserted against the respondents (*see,* CPLR 3211 [a] [5]).

The plaintiff's remaining contentions are without merit. O'Brien, J. P., Altman, Luciano and Adams, JJ., concur.