OPINION OF THE COURT
John L. Bell, J.
Defendant has made an application for an order granting permission to amend its answer and for an order granting sum *660 mary judgment dismissing the claim. Claimant has made a cross motion for summary judgment.
In February 1996, several utility companies sued claimant in Supreme Court alleging that claimant had incorrectly calculated the utility companies’ share of the 1995-1996 real property taxes pursuant to article 18 of the Real Property Tax Law. The utility companies asserted that claimant miscalculated the “adjusted base proportion” (hereinafter ABP) attributable to certain of the utility companies’ real property (see generally, RPTL 1803-a) and, as a result, such companies paid inflated taxes for the 1995-1996 tax year. In August 1996, claimant commenced the current claim seeking indemnification from defendant upon the ground that the State Office of Real Property Services (hereinafter ORPS) was responsible for overseeing the assessment process and that ORPS had reviewed and certified the disputed ABPs. By stipulation and order, dated December 3,1996, the Court of Claims action was conditionally dismissed because the Supreme Court action was viewed as potentially dispositive. Claimant retained the right to reactivate the Court of Claims action in the event the result of the Supreme Court action was unfavorable to its interest.
In a decision and order, dated March 24, 1998, Supreme Court Justice Joseph Teresi ruled in favor of the utility companies and assessed liability as 50% to claimant and 50% to the State. On appeal, the Appellate Division agreed that the utility companies had been improperly taxed and were entitled to refunds, but the Appellate Division further determined that Supreme Court did not have jurisdiction to find the State partially responsible (Matter of New York Tel. Co. v Nassau County, 267 AD2d 629, lv denied 95 NY2d 756). The Appellate Division stated that “[t]he proper forum for any claim by the County for contribution or other money damages against the State is the Court of Claims” (id. at 634). On June 15, 2000, the Court of Appeals denied claimant’s application for leave to appeal and, by letter dated June 23, 2000, claimant reactivated the current claim. Thereafter, the parties conducted further disclosure and a note of issue was filed on July 20, 2001. Defendant now moves to amend its answer to assert the defense of collateral estoppel and to dismiss upon such ground as well as the additional ground that claimant has not set forth a compensable cause of action. Claimant cross-moves for summary judgment.
The court is granted considerable discretion when presented a motion to amend a pleading and is guided by the statutory *661 instruction that leave to amend should be “freely given” (CPLR 3025 [b]; Branch v Green, 265 AD2d 646). In the absence of proof of significant prejudice or surprise, motions to amend an answer to assert collateral estoppel are favorably received (e.g., Becker v State of New York, 274 AD2d 532; Harrison v Stanton, 253 AD2d 537; Acevedo v Holton, 239 AD2d 194). Claimant has been actively involved in all aspects of the Supreme Court action and has not contended that it would be significantly prejudiced or legitimately surprised by defendant’s assertion of a collateral estoppel defense. Defendant’s application to assert the defense of collateral estoppel is granted and such defense is deemed set forth in defendant’s answer.
Defendant seeks summary judgment dismissing the claim upon the ground of collateral estoppel. Sound policy considerations are incorporated in the collateral estoppel doctrine including the conservation of the resources of courts and litigants (Gilberg v Barbieri, 53 NY2d 285, 291; Mayes v UVI Holdings, 280 AD2d 153). To use collateral estoppel successfully as a ground to dismiss an action “it must be shown that there is an identity of issue which has necessarily been decided in the prior litigation and which is decisive of the present action, and that the party sought to be estopped had a full and fair opportunity to contest the decision that is now claimed to be controlling” (Comi v Breslin & Breslin, 257 AD2d 754, 757; see, Sterling Ins. Co. v Chase, 287 AD2d 892). Here, there is little dispute that many issues surrounding the incorrect tax have been decided after a full opportunity by claimant to litigate such issues in Supreme Court. The contested matter, however, is whether such issues are decisive in the current claim.
In 1994, the process for computing taxes for utilities was changed pursuant to amendments to RPTL article 6. In Matter of New York Tel. Co. v Nassau County (supra), the Appellate Division determined that ORPS advised claimant of the change in the law and thereafter reminded claimant on at least two occasions of such change (id. at 631). The Appellate Division further held that claimant miscalculated the ABPs attributable to the utilities and, as a result, the utilities’ “tax shares increased dramatically and excessive taxes were levied upon them” (id. at 632). It is thus apparent that the prior litigation conclusively established that claimant was apprised of the changes in the law and that claimant nevertheless incorrectly calculated the taxes of certain utilities.
Claimant argues in the current motion, however, that such established facts are not dispositive of its current claim against *662 defendant. Claimant now agrees that it provided incorrect information to ORPS, but it asserts that ORPS then reviewed and certified the information. Claimant contends that although it erred in its preparation of the tax information, ORPS was negligent in its review and certification role. Defendant contends that its responsibility when it certified claimant’s tax information did “not involve the State Board’s reviewing the accuracy of the underlying information” but was limited “only to a spot check of the mathematical calculations made by Nassau County” (Friedman Affirmation para 13). Claimant counters that defendant was required to assume a much broader role in reviewing the tax information than merely checking mathematical calculations and that it relied upon defendant’s review and certification. It is apparent that issues pertaining to claimant’s incorrect preparation of the tax information were decided in the prior litigation. The focus of the current claim, however, is on defendant’s role once it was provided with the erroneous information. Issues relating to defendant’s role in such regard were not previously dispositively decided and thus such issues cannot now be disposed of under the rubric of collateral estoppel.
Defendant further seeks dismissal upon the ground that the facts alleged by claimant (together with the facts established in the earlier litigation) do not establish a compensable cause of action. The logic of defendant’s argument is compelling. During the 1995-1996 tax year utilities in Nassau County paid more than their fair share of the local tax burden. As a result, other taxpayers in Nassau County benefitted and paid less taxes than they would have paid if taxes had been properly apportioned. Nassau County must now reimburse the taxpayers who overpaid taxes and, to do so, the County will collect taxes from the taxpayers who underpaid taxes. To require all the taxpayers of New York State to sustain all or part of the Nassau County local tax burden when they received none of the benefit is not supported by any logical, legal or equitable consideration.
Indeed, claimant has not provided any case law to support the proposition that the State’s role in reviewing local tax assessments can give rise to a financial obligation by the State for any part of the local taxes. The established facts reflect that the State did not affirmatively provide incorrect information to claimant which caused claimant to calculate an incorrect tax. The Appellate Division found that defendant repeatedly informed claimant of the changes in the law and that claimant *663 nevertheless incorrectly applied the law. Claimant’s contention that the State’s review was not as extensive as it believed and that it relied to its detriment upon the State’s certification is analogous to an estoppel argument. Estoppel, however, is generally not available against a governmental agency engaged in the exercise of its governmental functions (Matter of Frye v Commissioner of Fin. of City of N.Y., 62 NY2d 841, 844; Slate v State of New York, 284 AD2d 767; see, Matter of Parkview Assoc. v City of New York, 71 NY2d 274, cert denied 488 US 801; cf., Market St. Ry. v California State Bd. of Equalization, 137 Cal App 2d 87, 100, 290 P2d 20, 28 [“an estoppel based on reliance upon an erroneous construction of the statute by an administrative ruling will not lie against the government, particularly in tax matters”]). Claimant was provided with the controlling law and, by the exercise of reasonable prudence, could have complied with such law in the first instance (see, Matter of Parkview Assoc. v City of New York, supra; Matter of Rashbaum v Tax Appeals Trib. of State of N.Y., 229 AD2d 723).
Similarly unpersuasive is claimant’s contention that the review by ORPS was a mere ministerial matter for which liability may attach. In providing guidance for discerning the difficult demarcation between discretionary and ministerial acts, the Court of Appeals has stated that “discretionary * * * acts involve the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result” (Tango v Tulevech, 61 NY2d 34, 41; see, Davis v State of New York, 257 AD2d 112, 115). The court does not read the relevant statutes and regulations to mandate that ORPS review all underlying data and check all calculations, a task which reportedly would have involved hundreds of thousands of calculations. Instead, ORPS was afforded discretion regarding the extent of review undertaken and reasoned judgment could lead to different acceptable results regarding the scope of such review.
Defendant has successfully shown that a compensable claim is not available against it based upon the established facts and the facts alleged by claimant. Defendant’s motion for summary judgment dismissing the claim thus must be granted. Claimant’s cross motion is necessarily denied.