■ RAQUEL BROWN, Respondent, v WILLIE KATHRYN SUGGS, Doing Business as WILLIE KATHRYN SUGGS LIC. REAL ESTATE BROKERS, Appellant, et al., Defendants. [832 NYS2d 36]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered April 24, 2006, which denied defendant's motion to vacate an earlier order, dated March 14, 2005, granting plaintiff's motion to dismiss defendant's counterclaims, and to vacate an order in a related action (*Suggs v Brown*), dated March 10, 2005, granting the instant plaintiff's motion to

dismiss that complaint on default, unanimously affirmed, with costs.

While it is generally preferable to have cases determined on their merits (*see Andrews v Petriga*, 280 AD2d 374 [2001]), a party seeking to vacate a default must demonstrate a reasonable excuse (CPLR 5015 [a] [1]) and a meritorious claim (*Gray v B. R. Trucking Co.*, 59 NY2d 649 [1983]). Defendant twice failed to appear in court—once for a conference and once on the return date of plaintiff's motion for summary judgment—and also failed to respond to the motion. Defendant's purported excuse—that on both occasions she thought she had retained new counsel to appear for her—is flatly belied by the record. Moreover, on the first occasion, she informed plaintiff's counsel that she simply would not come to court and asserted that she had received no notice of the court date, which was clearly false, inasmuch as receipt of the notice sent to her was acknowledged in writing. Her assertions that she sent this notice to a lawyer who she believed was representing her is belied by that lawyer's affirmation. On the second occasion she sent a note to the court misrepresenting that her counsel had just told her that afternoon that he would not attend, when the record demonstrates that she was told several days before that the lawyer she had approached would not represent her in this case. She made no other efforts to contact a lawyer after her first lawyer sought to be relieved, and the record strongly supports the conclusion that defendant's failures to appear were willful and deliberate. Moreover, she has failed to demonstrate any merit to her claims or counterclaims. Concur—Tom, J.P., Sullivan, Williams, Buckley and Malone, JJ.