■ RAQUEL BROWN, Respondent, v WILLIE KATHRYN SUGGS, Doing Business as WILLIE KATHRYN SUGGS LIC. REAL ESTATE BROKERS, Appellant, et al., Defendants. [834 NYS2d 526]—

Order, Supreme Court, New York County (John A.K. Bradley, J.H.O.), entered September 28, 2006, which barred defendant's second and third affirmative defenses and all further discovery relating to them, unanimously affirmed, with costs.

Defendant's second and third affirmative defenses, alleging, respectively, that plaintiff's claims were barred by the equitable doctrine of unclean hands, and that plaintiff was not entitled to commissions for transactions that closed after she was terminated because of her alleged theft and breach of fiduciary duty, are barred on the ground of collateral estoppel. The affirmative defenses in question turn upon issues that were necessarily decided, and decided adversely to defendant, in prior proceedings between the parties in which defendant had a full and fair opportunity to litigate the issues (*see Buechel v Bain*, 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]). Although two of defendant's seven causes of action were previously dismissed in an order entered on defendant's default, that order has preclusive effect since defendant deliberately refused to participate in the proceedings leading to the default dismissal (*see Brown v Suggs*, 38 AD3d 329 [2007]; *see also Matter of Abady*, 22 AD3d 71, 84 [2005]). Concur—Tom, J.P., Mazzarelli, Sullivan, Gonzalez and McGuire, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY PENA, Appellant. [833 NYS2d 421]—Judgment, Supreme Court, New York County (Charles Solomon, J.), rendered on or about November 16, 2004, unanimously affirmed. No opinion. Order filed. Concur—Tom, J.P., Mazzarelli, Sullivan, Gonzalez and McGuire, JJ.