■ RICHARD RODENHEISER et al., Appellants, v STATE OF NEW YORK, Respondent. [850 NYS2d 179]—

In a claim to recover damages for medical malpractice, etc., the claimants appeal from an order of the Court of Claims (Waldon, Jr., J.), dated November 15, 2006, which granted the defendant's motion for leave to amend its answer to assert the defense of collateral estoppel and to dismiss the claim as barred by that defense.

Ordered that the order is affirmed, with costs.

Contrary to the claimants' contention, the Court of Claims properly granted the defendant's motion for leave to amend its answer to assert the defense of collateral estoppel and to dismiss the claim based on that defense. The defendant sustained its burden (*see Buechel v Bain,* 97 NY2d 295, 304 [2001], *cert denied* 535 US 1096 [2002]; *D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659, 664 [1990]) of demonstrating that the issues raised—i.e., whether the interventional procedure performed upon the injured claimant at a hospital facility owned and operated by the State of New York was medically necessary and whether it was the product of the patient's informed consent—were necessarily determined adversely to the claimants in their separate action in the Supreme Court against, among others, the attending physician who performed the procedure. Moreover, the claimants failed to establish that they were not afforded a full and fair opportunity to litigate those issues in the Supreme Court action (*see Brown v Suggs,* 39 AD3d 395 [2007]; *Matter of Abady,* 22 AD3d 71 [2005]; *Becker v State of New York,* 274 AD2d 532 [2000]; *Conti v Lende,* 194 AD2d 892 [1993]). Accordingly, the resolution of those issues on the merits in the Supreme Court action was dispositive of the identical issues raised in this matter and precluded the maintenance of this claim (*see Laramie Springtree Corp. v Equity Residential Props. Trust,* 38 AD3d 850 [2007]; *Mathieu v Scalea,* 285 AD2d

631 [2001]; *Becker v State of New York*, 274 AD2d 532 [2000]; *Scialdone v Shah*, 197 AD2d 567 [1993]; *Conti v Lende*, 194 AD2d 892 [1993]; *Kret v Brookdale Hosp. Med. Ctr.*, 93 AD2d 449 [1983], *affd* 61 NY2d 861 [1984]). Miller, J.P., Lifson, Angiolillo and McCarthy, JJ., concur.