■ JASLEEN SINGH-MEHTA, Appellant, v PAUL DRYLEWSKI et al., Respondents, et al., Defendants. [968 NYS2d 14]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered on or about September 28, 2012, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to file an amended complaint and to renew and reargue a prior order, same court and Justice, entered June 8, 2012, which denied her motion to vacate an order entered on default on May 15, 2012, unanimously affirmed, with costs.

In this action for the return of a down payment on a real estate contract, the motion court properly denied plaintiff's motion to vacate her default. Even assuming that plaintiff's conclusory and perfunctory allegations of law office failure constitute a reasonable excuse for her default, she failed to demonstrate that she has a meritorious defense (*see* CPLR 5015 [a] [1]; *Brown v Suggs*, 38 AD3d 329 [1st Dept 2007]; *Perez v New York City Hous. Auth.*, 47 AD3d 505 [1st Dept 2008]). Specifically, plaintiff failed to refute defendants' allegations that she breached the contract by refusing to disclose and verify her assets to the cooperative board despite its repeated requests.

Upon her motion for leave to renew, plaintiff did not establish that her new allegations of fact, including the allegation that defendants fraudulently induced her to waive a mortgage contingency clause knowing that the cooperative board would ultimately reject her application, were unknown to her at the time of the prior motion (*see* CPLR 2221 [e]; *William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 [1st Dept 1992]). Additionally, since plaintiff's proposed amended complaint does

not allege that she complied with the cooperative board's requests for disclosure and verification of her assets, the motion court did not abuse its discretion in denying her motion to file an amended complaint (*see* CPLR 3025 [b]). Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Manzanet-Daniels and Gische, JJ.