Grasso v New York State Thruway Auth. (2018 NY Slip Op 01453)





Grasso v New York State Thruway Auth.


2018 NY Slip Op 01453


Decided on March 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
L. PRISCILLA HALL
HECTOR D. LASALLE, JJ.


2015-11381

[*1]Jerry A. Grasso, Jr., appellant, 
v
New York State Thruway Authority, respondent. (Action No. 1)
John Sullivan, Jr., appellant,
v
New York State Thruway Authority, respondent. (Action No. 2)
Cathy Marl, appellant,
v
New York State Thruway Authority, respondent. (Action No. 3)
Louis Centolanza, appellant,
v
New York State Thruway Authority, respondent. (Action No. 4) (Claim Nos. 109470, 109471, 109472, 109473)


Weitz & Luxenberg, P.C., New York, NY (Teresa Curtin and Ellen Relkin of counsel), for appellants.
Burke, Scolamiero, Mortati & Hurd, LLP, Albany, NY (Judith B. Aumand of counsel), for respondent.



DECISION & ORDER
In four related claims to recover damages for personal injuries, the claimants appeal, as limited by their brief, from so much of an order of the Court of Claims (Mignano, J.), dated June 22, 2015, as granted the defendant's motion for summary judgment dismissing the claims.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing the claims alleging a violation of Labor Law § 200 and common-law negligence, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs payable to the appellants.
In June 2004, the claimants filed claims in the Court of Claims against, among others, the New York State Thruway Authority (hereinafter NYSTA), alleging violations of Labor Law §§ 200 and 241(6) and common-law negligence. The claims arose out of injuries the claimants allegedly sustained in March 2004 when they were working as employees of the general contractor on an NYSTA highway construction project. In March 2007, the claimants commenced an action [*2]in the Supreme Court, Orange County, against an engineering firm and an environmental consulting firm that worked on the project (hereinafter together the engineering defendants). The Supreme Court action involved similar allegations based on the same set of facts. In an order dated December 16, 2014, the Supreme Court, inter alia, granted the engineering defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
Thereafter, NYSTA moved in the Court of Claims for summary judgment dismissing these claims on the ground, among others, that they were barred by the doctrine of collateral estoppel based on the granting of summary judgment to the engineering defendants in the Supreme Court action. The Court of Claims granted the defendant's motion for summary judgment dismissing the claims, and the claimants appeal.
"The doctrine of collateral estoppel . . . precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500; see Tydings v Greenfield, Stein & Senior, LLP, 11 NY3d 195, 199; Buechel v Bain, 97 NY2d 295, 303-304; Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 350; D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 664). The "party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues in the present litigation and the prior determination, whereas the party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity to litigate the issue in the prior action" (Kaufman v Eli Lily & Co., 65 NY2d 449, 456).
In the Supreme Court action, the court awarded summary judgment to the engineering defendants dismissing the cause of action alleging a violation of Labor Law § 241(6) on the ground that it was not supported by a specific and relevant Industrial Code provision that would form a predicate for liability under Labor Law § 241(6). We have affirmed that determination in the companion appeal (see Marl v Liro Engineers, Inc., _____ AD3d _____ [decided herewith]). In the Court of Claims, NYSTA, in support of its motion, submitted proof that the Labor Law § 241(6) and related Industrial Code issues that were determined adversely to the plaintiffs in the Supreme Court action were identical to the Labor Law § 241(6) and Industrial Code issues raised by the claimants in the Court of Claims. Further, the claimants failed to establish that they did not have a full and fair opportunity to litigate these issues in the Supreme Court action (see Rodenheiser v State of New York, 47 AD3d 788; Becker v State of New York, 274 AD2d 532). Accordingly, the Court of Claims properly granted that branch of NYSTA's motion which was for summary judgment dismissing the claims alleging a violation of Labor Law § 241(6).
The Court of Claims also properly granted that branch of NYSTA's motion which was for summary judgment dismissing the claims for punitive damages. Although the claimants alleged in their supplemental bills of particulars that awards of punitive damages were warranted, "the waiver of sovereign immunity effected by section 8 of the Court of Claims Act does not permit punitive damages to be assessed against the State or its . . . subdivisions" (Sharapata v Town of Islip, 56 NY2d 332, 334).
However, the Court of Claims erred in granting that branch of NYSTA's motion which was for summary judgment dismissing the claims alleging a violation of Labor Law § 200 and common-law negligence. Initially, the court erred in determining that those claims were barred by the doctrine of collateral estoppel. Whereas the engineering defendants in the Supreme Court action were contractors or subcontractors, NYSTA is the owner of the construction site where the injuries are alleged to have occurred. The evidence submitted by the engineering defendants in the Supreme Court action establishing their entitlement to judgment as a matter of law dismissing the Labor Law § 200 and common-law negligence causes of action—that they lacked supervision or control over the performance of the work—is distinct from the evidence that NYSTA would have to submit in support of a motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims in the Court of Claims. There are issues unique to NYSTA as a property owner involving creation and actual and constructive notice of the hazard, and NYSTA's compliance with the terms of a 2002 consent order, to which it was a party. The claimants did not have a full and fair [*3]opportunity to litigate these issues in the Supreme Court action as NYSTA was not a party to the Supreme Court action. Since the elements required for the application of collateral estoppel to the Labor Law § 200 and common-law negligence claims were not established in the Court of Claims, those claims were not subject to dismissal on that ground (see Kaufman v Eli Lily & Co., 65 NY2d at 456).
In addition, contrary to NYSTA's contention, it is not shielded from liability by the governmental function immunity defense. This defense "provides immunity for the exercise of discretionary authority during the performance of a governmental function" (Turturro v City of New York, 28 NY3d 469, 479). However, "[g]overnmental entities acting in furtherance of a proprietary function will be subject to liability under ordinary principles of tort law" (Heeran v Long Is. Power Auth. [LIPA], 141 AD3d 561, 563, affd _____ NY3d _____, 2018 NY Slip Op 01148 [2018]). While quintessential governmental functions include police and fire protection (see id. at 563), "[a] government entity performs a purely proprietary role when its activities essentially substitute for or supplement traditionally private enterprises'" (Applewhite v Accuhealth, Inc., 21 NY3d 420, 425, quoting Sebastian v State of New York, 93 NY2d 790, 793). Thus, "proprietary functions include, for example, the maintenance of roads and highways in a reasonably safe condition" (Heeran v Long Is. Power Auth. [LIPA], 141 AD3d at 563) and the ownership and care relating to buildings when the governmental entity acts as a landlord (see Miller v State of New York, 62 NY2d 506, 513). Moreover, the ownership and operation of a landfill has been deemed a proprietary function, subjecting the governmental entity to general principles of tort law (see Dangler v Town of Whitestown, 241 AD2d 290, 294).
The relevant inquiry in determining whether a governmental agency is acting within a governmental or proprietary capacity is to examine " the specific act or omission out of which the injury is claimed to have arisen and the capacity in which that act or failure to act occurred . . . , not whether the agency involved is engaged generally in proprietary activity or is in control of the location in which the injury occurred'" (Matter of World Trade Ctr. Bombing Litig., 17 NY3d 428, 447, quoting Weiner v Metropolitan Transp. Auth., 55 NY2d 175, 182). Here, NYSTA, as the owner of real property, including a landfill requiring remediation, engaging in a highway construction project, was acting within a proprietary capacity and was thus subject to tort liability.
Turning to the underlying merits of the Labor Law § 200 and common-law negligence claims, "Labor Law § 200 is a codification of the common-law duty of property owners and general contractors to provide workers with a safe place to work" (Chowdhury v Rodriguez, 57 AD3d 121, 127). Thus, liability under this statute is governed by common-law negligence principles (see id. at 128). There are "two broad categories of actions that implicate the provisions of Labor Law § 200" (Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 50-51). The first involves worker injuries arising out of alleged dangerous or defective conditions of the premises where the work is performed (see id. at 51; Chowdhury v Rodriguez, 57 AD3d at 128). "For liability to be imposed on the property owner, there must be evidence showing that the property owner either created a dangerous or defective condition, or had actual or constructive notice of it without remedying it within a reasonable time" (Reyes v Arco Wentworth Mgt. Corp., 83 AD3d at 51). "The second broad category of actions under Labor Law § 200 involves injuries occasioned by the use of dangerous or defective equipment at the job site" (id.). The property owner will only be liable under this category if it possessed the authority to supervise or control the means and methods of the work (see id.; Ortega v Puccia, 57 AD3d 54, 61). The requisite supervision or control exists for Labor Law § 200 purposes when the property owner bears responsibility for the manner in which the work is performed (see Marquez v L & M Dev. Partners, Inc., 141 AD3d 694, 698). "The determinative factor is whether the party had the right to exercise control over the work, not whether it actually exercised that right'" (Johnsen v City of New York, 149 AD3d 822, 822, quoting Williams v Dover Home Improvement, 276 AD2d 626, 626).
"[I]n rare cases, both theories of liability may be implicated" (Forssell v Lerner, 101 AD3d 807, 808). "[W]hen an accident is alleged to involve defects in both the premises and the equipment used at the work site, the property owner moving for summary judgment with respect to causes of action alleging a violation of Labor Law § 200 is obligated to address the proof applicable [*4]to both liability standards" (Reyes v Arco Wentworth Mgt. Corp., 83 AD3d at 52; see Poalacin v Mall Props., Inc., 155 AD3d 900). "The property owner is entitled to summary judgment only when the evidence exonerates it as a matter of law for all potential concurrent causes of the plaintiff's accident and injury, and when no triable issue of fact is raised in opposition as to either relevant liability standard" (Reyes v Arco Wentworth Mgt. Corp., 83 AD3d at 52).
Here, the claimants allege both theories of liability. Regarding whether NYSTA had the authority to exercise supervision or control over the performance of the claimants' work, we find that it met its prima facie burden of demonstrating that it had no such authority (see Koat v Consolidated Edison of N.Y., Inc., 98 AD3d 474, 475-476). In opposition, however, the claimants raised a triable issue of fact regarding NYSTA's involvement at the work site (see Treile v Brooklyn Tillary, LLC, 120 AD3d 1335, 1339; Ortega v Puccia, 57 AD3d at 63). Regarding the alleged dangerous condition of the work site itself, NYSTA, in support of its motion, argued only that it could not be held liable for failing to remediate soil containing chemicals because the claimants' job was to remedy that very condition. We find that NYSTA failed to demonstrate, prima facie, that the claimants were injured from defective or hazardous conditions that were part of or inherent in the work they were performing (see Monahan v New York City Dept. of Educ., 47 AD3d 690, 691; In re World Trade Ctr. Lower Manhattan Disaster Site Litig., 44 F Supp 3d 409, 426 [SD NY]), or from conditions that were readily observable (see Bombero v NAB Const. Corp., 10 AD3d 170, 171; In re World Trade Ctr. Lower Manhattan Disaster Site Litig., 44 F Supp 3d at 426). In addition, the claimants raised a triable issue of fact as to whether their injuries were caused by a hazardous condition that they were not specifically hired to remediate (see In re World Trade Ctr. Lower Manhattan Disaster Site Litig., 44 F Supp 3d at 426). Indeed, whether a dangerous condition is within the scope of the work an employee or contractor is hired to perform is a fact-specific inquiry (see Scott v Redl, 43 AD3d 1031, 1032).
NYSTA's remaining contentions are without merit.
DILLON, J.P., BALKIN, HALL and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court