Phillips v Uber Tech., Inc. (2025 NY Slip Op 05756)

Phillips v Uber Tech., Inc.

2025 NY Slip Op 05756

Decided on October 16, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 16, 2025

Before: Kern, J.P., Scarpulla, Pitt-Burke, O'Neill Levy, Michael, JJ. 

Index No. 42032/23|Appeal No. 4983-4984|Case No. 2024-03607 2025-01064|

[*1]Kaila Bina Phillips, Plaintiff-Appellant,
v
Uber Technologies, Inc., et al., Defendants-Respondents. 

Weitzman Law Offices, L.L.C., New York (Raphael Weitzman of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for Uber Technologies, Inc., Uber USA, LLC and Rasier-NY, LLC, respondents.
Carman Callahan & Ingham, LLP, Farmingdale (Jonathan D. Silverstein of counsel), for Lux Credit Consultants, LLC and Ousmane Camara, respondents.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered May 2, 2024, which denied plaintiff's motion to strike the answers of defendants Uber Technologies, Inc., Uber USA, LLC, and Rasier-NY LLC (collectively Uber), and Lux Credit Consultants, LLC and Ousmane Camara (collectively LC) for failure to comply with discovery demands, unanimously affirmed, without costs. Order, same court and Justice, entered on or about February 14, 2025, which denied plaintiff's motion for leave to renew the motion to strike, unanimously affirmed, without costs.
The court providently exercised its discretion in denying plaintiff's motion to strike defendants' answers, as plaintiff failed to make the requisite showing that the failure to comply with discovery demands was willful, contumacious or in bad faith (see Lee v 13th St. Entertainment LLC, 161 AD3d 631, 632 [1st Dept 2018]). The record is replete with Uber and LC's responses to various discovery requests by plaintiff, including responses to her demand for a bill of particulars, second and third notices for discovery and inspection, and amended notice of deposition. Although plaintiff asserted that the responses were inadequate, discovery was ongoing, and no evidence was presented that these defendants deliberately impeded discovery. There was ample evidence that the parties attempted to schedule depositions. Plaintiff did not establish that LC's withdrawal of their motion for summary judgment was improper in any way or that the motion was a bad faith delaying tactic.
Plaintiff correctly notes that the order that was the subject of her motion to renew was the May 2, 2024 order under appeal, not the order cited by the court. In any event, the court providently exercised its discretion in denying plaintiff's motion to renew, as she failed to present new facts that were not available to her at the time of her initial motion (see Singh-Mehta v Drylewski, 107 AD3d 478, 478 [1st Dept 2013]). The conduct of Uber and LC post May 2, 2024 would not have changed the result of the prior motion because, again, plaintiff was unable to show that defendants acted willfully, contumaciously, or in bad faith (see Kovacs v Castle Restoration & Constr., 262 AD2d 165, 166 [1st Dept 1999]). Plaintiff's request to file a note of issue prior to completing discovery was properly denied, as she did not demonstrate that defendants would not be prejudiced (cf. Lewis v Verizon N.Y. Inc.,199 AD3d 572, 573 [1st Dept 2021]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 16, 2025