McLeod v New York City Health & Hosps. Corp. (2025 NY Slip Op 06968)

McLeod v New York City Health & Hosps. Corp.

2025 NY Slip Op 06968

Decided on December 16, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 16, 2025

Before: Moulton, J.P., Kennedy, Mendez, Michael, Chan, JJ. 

Index No. 33513/19, 810607/22|Appeal No. 5390-5391-5391A|Case No. 2022-01003, 2022-03132, 2024-05320|

[*1]Lethite McLeod, Plaintiff-Appellant,
vThe New York City Health and Hospitals Corporation, et al., Defendants-Respondents.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Lauren L. O'Brien of counsel), for respondents.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered on or about January 26, 2022, which denied plaintiff's motion for an order excusing her default in filing and serving a notice of claim on defendants New York City Health and Hospitals Corporation and Lincoln Hospital and granted defendants' cross-motion to dismiss the complaint, unanimously affirmed, without costs. Order, same court and Justice, entered July 19, 2022, insofar as it denied plaintiff's motion to renew her motion for an order excusing her default, unanimously affirmed, without costs, and appeal from the same order, insofar as it denied plaintiff's motion for reargument, unanimously dismissed, without costs, as taken from a nonappealable order. Order, same court (Kim Adair Wilson, J.), entered on or about July 25, 2024, which denied plaintiff's motion for leave to deem the notice of claim served on defendants on February 28, 2019 as timely and granted defendants' cross-motion to dismiss the complaint, unanimously affirmed, without costs.
As plaintiff acknowledges, the notice of claim served on defendants on February 28, 2019, more than 90 days after plaintiff's claim accrued on August 26, 2018, was a nullity because it was untimely and served without leave of the court (see Cassidy v New York City Tr. Auth., 238 AD3d 484, 485 [1st Dept 2025]). Furthermore, Supreme Court properly concluded that it had no discretion to excuse plaintiff's failure to comply with its June 18, 2020 order directing plaintiff to file and serve a notice of claim within 30 days of the order, as plaintiff's motion for an order excusing her default was made more than one year and 90 days after the accrual of plaintiff's claim (see Pierson v City of New York, 56 NY2d 950, 954 [1982]; Godfrey-Peters v Dangelo, 242 AD3d 578, 578 [1st Dept 2025]). We reject plaintiff's arguments concerning the reasonableness of her default, merits of her claim, lack of prejudice to defendants, and public policy, as the court had no discretion to excuse the service of the notice of claim after the one year and 90-day period passed (see Young v New York City Health & Hosps. Corp., 147 AD3d 509, 509 [1st Dept 2017]).
In addition, despite plaintiff's contention otherwise, service of the second notice of claim in accordance with the court's June 18, 2020 order was not a mere ministerial act rendering inconsequential her failure to serve the notice of claim within the time specified in the order. On the contrary, the court's order made clear that serving defendants with the second notice of claim within the time specified in the order was necessary to excusing her default in serving a timely notice of claim.
We also reject plaintiff's assertion that the service of the second notice of claim on defendants was timely under the tolling periods imposed by the Governor's Executive Order during the COVID-19 pandemic. The toll was in effect from March 20, 2020 to November 3, 2020 (see Murphy v Harris, 210 AD3d 410, 411 [1st Dept 2022]). The parties agree that when the toll under the Governor's Executive Order expired on November 3, 2020, plaintiff had six days left to file her motion to be excused from the court's June 18, 2020 order — that is, until November 9, 2020 (see Cortes v New York, 226 AD3d 501, 502 [1st Dept 2024]). Plaintiff failed to meet that deadline.
Supreme Court properly denied plaintiff's motion for leave to renew, as she cited no new facts that would have changed the result (see Singh-Mehta v Drylewski, 107 AD3d 478, 478 [1st Dept 2013]). Similarly, the court's dismissal of the action plaintiff commenced on July 26, 2022, was warranted based on res judicata, as this action was between the same parties on the same causes of action and was barred by a final judgment (see Landau, P.C. v LaRossa, Mitchell & Ross, 11 NY3d 8, 12 [2008]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 16, 2025