■ Northside Partnership et al., Respondents, v Anne D. Vinci et al., Appellants. [635 NYS2d 763] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Keegan, J.), entered June 12, 1995 in Albany County, which denied defendants' motion to vacate a prior order and judgment.

In this action to recover one half of the cost of constructing a road, an obligation plaintiffs maintain defendants assumed pursuant to an option contract they entered into in 1986 (see, Vinciguerra v Northside Partnership, 188 AD2d 861), plaintiffs moved for summary judgment. The motion papers were served on defendants' counsel during a court conference on January 25, 1995, and the court allowed defendants until March 1, 1995 to serve their responding papers, with plaintiffs to have 10 days thereafter to reply.

After reviewing plaintiffs' papers, defendants' counsel discovered that a memorandum of law referred to therein was missing; further investigation revealed that the memorandum had also not been filed with the court clerk. Defense counsel thereupon sent plaintiffs' attorneys two letters requesting a copy of the memorandum and, when it was not forthcoming, notified the court of the delay and asked for guidance.

On March 1, 1995, defendants' attorney received a facsimile (fax) transmission from plaintiffs' counsel stating that the memorandum would be "drop[ped] off" the next day—in fact, it was delivered on March 2, 1995 by fax—and that the motion would be adjourned to March 22, 1995 with defendants' papers to be served by March 12, 1995. Plaintiffs' counsel avers that another copy of the memorandum was sent to defendants' counsel, by mail, on March 3, 1995, together with a cover letter confirming that the court had adjourned the motion to March 22, 1995, and that defendants' response time would expire on March 12, 1995. Supreme Court received both the

memorandum and cover letter. Defendants' attorney acknowledges receiving the March 1 fax transmission, the faxed memorandum and the mailed memorandum, but not the cover letter.

Defendants did not file or serve any papers in opposition to the motion and, on April 4, 1995, Supreme Court granted plaintiffs summary judgment on their first cause of action (plaintiffs withdrew the second and third causes of action, without prejudice), dismissed defendants' counterclaims and entered judgment for plaintiffs in the amount of $498,898.02. A few days later, defendants moved, by order to show cause, to vacate the order and judgment. Supreme Court denied the motion and defendants appeal.

We affirm. Defendants' contention that the order and judgment must be vacated because plaintiffs failed to comply with the notice requirements of CPLR 3215 (g), not having been raised before Supreme Court in connection with the motion to vacate, is not properly before us. It is, in any event, meritless, for CPLR 3215 pertains to default judgments resulting from a party's failure to appear, plead or prosecute an action (*see,* CPLR 3215 [a]), situations wherein no proof has been tendered. It is for this reason that an affidavit of merit must be filed, to establish the factual basis for judgment (*see,* CPLR 3215 [f]). With respect to a motion for summary judgment, however, sufficient notice, both of the fact that judgment may result and of the factual basis therefor, will ordinarily be recited in the moving papers themselves. Hence, the failure to interpose any opposition thereto may give rise to a judgment in favor of the movant (*see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3215:1, at 544). As that is precisely the circumstance presented here, judgment was properly entered in plaintiffs' favor.

Nor did Supreme Court err in finding that defendants did not meet their burden of providing a reasonable excuse for their failure to respond to the motion (*see,* CPLR 5015 [a] [1]; *Northeastern Harness Horsemen's Assn. v Saratoga Harness Racing,* 216 AD2d 746, 747). In support of their vacatur motion, defendants asserted that plaintiffs should not have been awarded summary judgment because their motion therefor "was not properly served or noticed", as required by the CPLR and applicable court rules, and that defendants had been misled by the "conduct" of plaintiffs' counsel. It was implied that defendants were unaware of the deadline for filing their response because they had not received the March 3, 1995 cover letter confirming that the motion had been adjourned. Given

that defendants admitted receipt of the March 1, 1995 fax transmission—which apprised defendants of the date to which plaintiffs were having the motion adjourned, as well as the date when defendants' responding papers would be due—and the significant fact that defendants, who were in possession of plaintiffs' complete motion papers for a month, made no effort to determine whether the adjourned date and defendants' responding time was other than as represented by plaintiffs' counsel, it cannot be said that Supreme Court's rejection of defendants' proffered excuse was anything other than a proper exercise of its broad discretion in this area (*see, Matter of Butchar v Butchar*, 213 AD2d 788, 789; *Correa v Ahn*, 205 AD2d 575).

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the order is affirmed, with costs.