■ ANNE D. VINCI et al., Appellants-Respondents, v NORTH-SIDE PARTNERSHIP et al., Respondents-Appellants. [672 NYS2d 935] —Yesawich Jr., J. Cross appeals (1) from an order of the Supreme Court (Canfield, J.), entered January 14, 1997 in Saratoga County, which granted defendants' motion to dismiss the complaint on the ground of, *inter alia*, res judicata, (2) from the judgment entered thereon, and (3) appeal from that part of an order of said court, entered July 8, 1997 in Saratoga County, which denied defendants' cross motion for sanctions.

In a previous action (hereinafter the first action), defendants sought damages for plaintiffs' alleged breach of a contractual promise to pay one half of the cost of constructing a road and plaintiffs interposed three related counterclaims. Defendants moved for summary judgment with respect to their claims and the counterclaims and, when plaintiffs failed to submit any papers in opposition thereto, the motion was granted in its entirety. Plaintiffs' application for vacatur of that order and judgment was denied (*see, Northside Partnership v Vinci*, 222 AD2d 921, *lv dismissed* 87 NY2d 1055).

Plaintiffs thereafter commenced this suit in which they assert four causes of action, three of which are essentially identical to the counterclaims brought in the first action. The fourth claim, like the others, is based upon events related to the parties' contractual dealings and the construction of the road. Upon defendants' motion, Supreme Court dismissed the complaint, finding it barred by res judicata, but rejected the suggestion that plaintiffs be sanctioned for frivolous conduct. The parties cross-appeal from this order and the resulting judgment. Defendants also appeal from so much of a subsequent order as denied their second request for sanctions, which was prompted by plaintiffs' ultimately unsuccessful application for reargument of the summary judgment motion.

Plaintiffs maintain that Supreme Court erred in viewing the previous dismissal of their counterclaims (in the first action) as a judgment "on the merits", barring further litigation of the issues raised therein. We disagree. An award of summary judgment, even when based upon a party's failure to register any opposition to an application for such relief, is generally deemed a resolution on the merits (*see, Collins v Bertram Yacht Corp.*, 42 NY2d 1033, 1034-1035; *Boorman v Deutsch*, 152 AD2d 48, 53, *lv dismissed* 76 NY2d 889; *cf., Maitland v Trojan Elec. & Mach. Co.*, 65 NY2d 614, 615-616). A different result is not warranted here, merely because the motion court refrained

from specifically reciting that the dismissal was "with prejudice" or "on the merits" (*see, Strange v Montefiore Hosp. & Med. Ctr.*, 59 NY2d 737, 738-739). Accordingly, the instant claims—which, plaintiffs concede, are based upon "the same transaction or series of transactions" as their earlier counterclaims—are barred by res judicata (*O'Brien v City of Syracuse*, 54 NY2d 353, 357; *see, Silverman v Leucadia, Inc.*, 156 AD2d 442, 443-444).

Turning to defendants' application for sanctions—the only other issue requiring comment—that request was properly denied. Although plaintiffs' arguments are unavailing, they are not so utterly meritless as to be "frivolous" within the meaning of the applicable rule (22 NYCRR 130-1.1 [c] [1]). Nor can we conclude, on this record, that their actions were "undertaken primarily to delay or prolong" the litigation, or to harass or injure defendants (22 NYCRR 130-1.1 [c] [2]).

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the orders and judgment are affirmed, with costs to defendants.