■ ACADEMIC HEALTH PROFESSIONALS INSURANCE ASSOCIATION, as Subrogee of LANCE WAGNER, M.D., Appellant, v C. SIDNEY LESTER, Respondent. [818 NYS2d 62]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered November 29, 2005, which, in a legal malpractice action, denied plaintiff's motion for summary judgment, unanimously reversed, on the law, without costs, the motion for summary judgment granted, and the matter remanded for further proceedings, including the entry of judgment.

Defendant's firm, Lester, Hubbert & Gill, P.C. (LHG), served as outside counsel to plaintiff insurer in a 1994 medical malpractice action against one of its insureds, Dr. Wagner, an anesthesiologist. In February 1998, after LHG failed to appear on the scheduled trial date in the trial assignment part of Kings County Supreme Court, the court contacted the firm and directed them to appear the next day. When they defaulted, the court struck Dr. Wagner's answer and referred the matter for a judgment on inquest. A default judgment in the amount of $636,210 was entered against Dr. Wagner. In late March 1998, a consent to change attorney form was executed (LHG was a signatory) and the physician's new counsel was able to obtain an order vacating the default judgment. On appeal, the Second Department reversed, finding that there had been an inexcusable and "[in]adequately explain[ed] . . . pattern of willful neglect" (*Wynne v Wagner*, 262 AD2d 556 [1999], *lv dismissed* 94 NY2d 796 [1999]).

In October 2000, plaintiff commenced a legal malpractice action against LHG, defendant, and his two partners. Defendant served an answer and represented the firm, himself and one other partner in the action. In September 2001, plaintiff obtained an order granting partial summary judgment on default against the defendants who answered the complaint and a default judgment against the partner who did not, and the

matter was referred for an inquest on damages. In December 2001, defendant filed for Chapter 7 bankruptcy. Plaintiff obtained an order severing the claims against defendant due to the pending bankruptcy proceedings, and the legal malpractice action proceeded to inquest on damages against the other defendants. Judgment was entered against them in the amount of $1,055,671.73 in December 2003, and remains outstanding. When the bankruptcy petition was dismissed by a consent order in June 2004, plaintiff commenced the instant action against defendant the following month, seeking damages due to the law firm's mishandling of the medical malpractice action.

The motion court erred in denying plaintiff summary judgment and in rejecting its assertion of collateral estoppel in the instant case. "Collateral estoppel precludes a party from relitigating in a subsequent action or proceeding an issue raised in a prior action or proceeding and decided against that party or those in privity" (*Buechel v Bain*, 97 NY2d 295, 303 [2001], *cert denied* 535 US 1096 [2002]). Defendant should not be allowed to relitigate his liability for legal malpractice where the prior legal malpractice action, involving the identical issues and parties, resulted in an award of summary judgment against himself, his former law firm and former partners, the default on the summary judgment motion notwithstanding. "Where a party appears in a proceeding and judgment is subsequently entered against him based on a default upon a motion for summary judgment, the judgment is on the merits" (*Boorman v Deutsch*, 152 AD2d 48, 53 [1989], *lv dismissed* 76 NY2d 889 [1990]). The record is clear that defendant had the requisite full and fair opportunity to litigate his liability and that of his law firm and one of his partners in the prior action, that he did not do so despite remaining as a party and counsel throughout the liability phase and counsel throughout the damages phase, and that he offered no explanation for this failure. Moreover, the record shows that other than his conclusory, self-serving assertions and those of his cousin, an employee of plaintiff's former counsel that referred the medical malpractice matter to LHG, defendant failed to submit any evidence, documentary or otherwise, to establish the merits of any of the defenses in this action. For example, defendant submitted no evidence supporting his contentions that Dr. Wagner committed medical malpractice, or that LHG properly withdrew from representation of Dr. Wagner prior to the default judgment, or that he so advised Dr. Wagner, plaintiff or the court. On the other hand, plaintiff, in addition to establishing a prima facie case of legal malpractice, submitted evidence refuting each of defendant's contentions, including a board certified anesthesiologist's opinion (originally submitted

on the motion to vacate the default in the medical malpractice case) that Dr. Wagner did not deviate from the standard of care and did not cause the patient/plaintiff's injuries.

Finally, since law partners are in privity with one another for purposes of collateral estoppel (*Buechel v Bain*, 97 NY2d at 304), the awards in the prior legal malpractice action, both for summary judgment and for damages, are applicable against defendant in the instant matter. We remand for further proceedings in connection with the entry of judgment against defendant since the record is not clear as to, inter alia, the amount and date of plaintiff subrogee's payment of the award in the underlying medical malpractice action. Concur—Mazzarelli, J.P., Andrias, Saxe, Williams and Malone, JJ.