"the court shall review any victim's statement and any relevant materials and evidence submitted by the sex offender and the district attorney and the recommendation and any materials submitted by the board, and may consider reliable hearsay evidence submitted by either party, provided that it is relevant to the determinations" (Correction Law § 168-n [3]). Here, the Supreme Court properly considered, inter alia, the elements of the crime of which the defendant was convicted, statements by the victim and the defendant contained in the defendant's presentence reports, and the victim's statements to the assistant district attorney who signed the felony complaint. This evidence, considered in its entirety, established by clear and convincing evidence each of the court's assessments as to the applicable risk factors and supported the finding that the defendant was presumptively a level two offender. Moreover, the Supreme Court did not err in declining to downwardly depart from that presumptive risk level. "A departure from the presumptive risk level is generally warranted only where 'there exists an aggravating or mitigating factor of a kind or to a degree, not otherwise adequately taken into account by the guidelines' " (*People v Taylor*, 48 AD3d 775, 776 [2008], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006] [hereinafter the Guidelines]; *see People v Gochnour*, 50 AD3d 754, 755 [2008]; *People v Burgos*, 39 AD3d 520 [2007]). Inasmuch as the factor on which the defendant relies to support his argument that the court should have downwardly departed from the presumptive risk level is expressly addressed in the Guidelines themselves, a downward departure would not have been proper. Skelos, J.P., Ritter, Florio and Miller, JJ., concur.

■ QFI, Inc., Appellant, v GUY SHIRLEY et al., Respondents, et al., Defendants. [874 NYS2d 238]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered January 17, 2008, as granted that branch of the cross motion of the defendants Guy Shirley, Euralyn Shirley, and Sophia Shirley which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In 2006, the plaintiff and its principal commenced an action (hereinafter the 2006 action) against the defendants Guy Shirley

and Euralyn Shirley (hereinafter the Shirleys), inter alia, to recover damages for breach of contract and for specific performance, in connection with agreements contemplating the plaintiff's development of property owned by the Shirleys and Sophia Shirley (hereinafter collectively the Shirley defendants). The Shirleys moved, in effect, for summary judgment dismissing the 2006 action, and the plaintiff submitted no opposition to that motion. The Supreme Court granted the Shirleys' motion.

In 2007, the plaintiff commenced the instant action against the Shirley defendants and others, asserting four causes of action. The first and second causes of action, seeking specific performance and damages for breach of contract, were substantially similar to two of the causes of action asserted in the 2006 action. The third and fourth causes of action, seeking recovery in quantum meruit for work performed by the plaintiff and foreclosure of mechanic's liens filed against the subject property, arose out of the agreements that formed the basis of the 2006 action. The Supreme Court granted that branch of the Shirley defendants' cross motion which was to dismiss the complaint, in effect, concluding that the instant action was barred by the doctrine of res judicata.

Contrary to the plaintiff's contention, " 'CPLR 5013 does not require that the prior judgment contain the precise words "on the merits" in order to be given res judicata effect; it suffices that it appears from the judgment that the dismissal was on the merits' " (*Strange v Montefiore Hosp. & Med. Ctr.*, 59 NY2d 737, 738 [1983]; *see Yates v Roco Co.*, 48 AD3d 800 [2008]; *Vinci v Northside Partnership*, 250 AD2d 965, 965-966 [1998]). Here, it is clear that the award of summary judgment in the 2006 action, though made after the plaintiff failed to oppose the motion seeking that relief, was on the merits (*see Vinci v Northside Partnership*, 250 AD2d at 965; *Boorman v Deutsch*, 152 AD2d 48, 53 [1989]; *Collins v Bertram Yacht Corp.*, 53 AD2d 527 [1976], *affd* 42 NY2d 1033 [1977]).

Under New York's transactional approach to res judicata, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]). Since all causes of action in both the 2006 action and the instant action arose out of the same agreements between the plaintiff and the Shirleys, all four of the causes of action asserted in the instant action were subject to dismissal on res judicata grounds (*see Ciancimino v Town of E. Hampton*, 266 AD2d 331 [1999]). Prudenti, P.J., Dillon, Covello and Leventhal, JJ., concur.