Order, Supreme Court, New York County (Michael D. Stall-man, J.), entered on or about July 25, 2012, which denied third-party defendant 4761 Broadway Associates, LLC’s motion for *598 summary judgment, unanimously modified, on the law, to grant the motion insofar as it seeks dismissal of defendant New York City Transit Authority’s common-law indemnification claim, and otherwise affirmed, without costs.
4761 Broadway and the Transit Authority were parties to a prior action in which the plaintiff allegedly slipped on the same stairway at issue here. In the prior action, 4761 Broadway moved for summary judgment on the grounds that it did not have a duty to maintain the staircase, and that such duty was owed by the Transit Authority. The Transit Authority did not oppose that motion, and Supreme Court granted it, holding that 4761 Broadway “demonstrated that they do not own or control or maintain the subject stairway.”
The Transit Authority is collaterally estopped from relitigating the issue of whether 4761 Broadway owns, controls or maintains the subject stairway. The Transit Authority had the requisite full and fair opportunity to litigate the issue in the prior action, but it failed to do so, and it has not offered any explanation for this failure (see Academic Health Professionals Ins. Assn. v Lester, 30 AD3d 328, 329 [1st Dept 2006]). Further, there is no indication that the Transit Authority sought to vacate or appeal the prior order. Under the circumstances, the Transit Authority “willfully and deliberately refuse[d] to participate” in the prior action (Matter of Abady, 22 AD3d 71, 85 [1st Dept 2005]), and collateral estoppel applies notwithstanding its default (id. at 83-85). Accordingly, Transit Authority’s common-law indemnification claim, predicated on 4761 Broadway’s alleged control over and ownership and maintenance of the stairway, should have been dismissed.
However, Transit Authority’s contractual indemnification claim, based on a 1926 agreement between the Transit Authority’s predecessor-in-interest and 4761 Broadway’s predecessor-in-interest, should not be dismissed. Pursuant to the agreement, 4761 Broadway may have a contractual duty to indemnify the Transit Authority for liability arising from plaintiffs fall upon the stairway. This issue was never litigated or decided in the prior action and therefore it is not subject to collateral estoppel (see Kaufman v Eli Lilly & Co., 65 NY2d 449, 455-456 [1985]). Further, 4761 Broadway is not entitled to summary judgment on this issue, because a question of fact exists as to whether the Transit Authority abandoned the agreement. Indeed, the maintenance records and cleaning schedule that 4761 Broadway submitted in support of its motion do not evince the Transit Authority’s clear and unequivocal repudiation or abandonment of the agreement (see Fundamental Portfolio *599 Advisors, Inc. v Tocqueville Asset Mgt, L.P., 7 NY3d 96, 104 [2006]; EMF Gen. Contr. Corp. v Bisbee, 6 AD3d 45, 49 [1st Dept 2004], lv dismissed 3 NY3d 656 [2004], lv denied 3 NY3d 607 [2004]). Moreover, the issue of abandonment is intrinsically factual (see Fundamental Portfolio Advisors, Inc., 7 NY3d at 104) and cannot be resolved on this motion, particularly since the Transit Authority is entitled to have all reasonable inferences drawn in its favor (see id. at 105-106). Concur — Friedman, J.E, Moskowitz, DeGrasse, Richter and Gische, JJ. [Prior Case History: 2012 NY Slip Op 31973(U).]