David v State of New York (2018 NY Slip Op 00273)





David v State of New York


2018 NY Slip Op 00273


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2015-08394

[*1]Fritz David, etc., appellant, 
v
State of New York, respondent. (Claim No. 119965)


Levine & Grossman, Mineola, NY (Brian C. Lockhart and Steven Sachs of counsel), for appellant.
Eric T. Schneiderman, Attorney General, New York, NY (Andrew W. Amend and David Lawrence III of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages for medical malpractice, etc., the claimant appeals from an order of the Court of Claims (Marin, J.), dated May 13, 2015, which granted the defendant's motion, in effect, for summary judgment dismissing the claim as barred by collateral estoppel.
ORDERED that the order is affirmed, with costs.
On October 2, 2010, the claimant's wife died from a blood clot that traveled to her lungs after she gave birth by cesarean section at the State University of New York, Downstate Medical Center (hereinafter the hospital). The claimant commenced a medical malpractice action in the Supreme Court against, among others, Ehab Abdelmalek, the covering obstetrician employed by the hospital who helped treat the claimant's wife. The claimant also commenced the instant claim in the Court of Claims. Thereafter, Abdelmalek moved in the Supreme Court for summary judgment dismissing the complaint insofar as asserted against him. The claimant chose not to oppose the motion, and the Supreme Court granted the motion. The hospital then moved, in effect, for summary judgment dismissing the claim as barred by collateral estoppel. The Court of Claims granted the motion, and the claimant appeals.
"The doctrine of collateral estoppel bars relitigation of an issue which has necessarily been decided in a prior action and is determinative of the issues disputed in the present action, provided that there was a full and fair opportunity to contest the decision now alleged to be controlling" (Capellupo v Nassau Health Care Corp., 97 AD3d 619, 621; see Kaufman v Eli Lily & Co., 65 NY2d 449, 455). The party seeking the benefit of collateral estoppel bears the burden of proving that the identical issue was necessarily decided in the prior matter, and is decisive of the present action (see D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 664). The party against whom preclusion is sought bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination (see id. at 664).
Here, the hospital demonstrated the identity of issue requirement for collateral [*2]estoppel. In the Supreme Court action it was alleged that the malpractice included Abdelmalek's failure to properly monitor the decedent's condition before and after giving birth when she allegedly exhibited signs of having a blood clot. The instant claim was premised on the same theory of malpractice. In fact, the bills of particulars in the two cases were virtually identical.
The claimant failed to meet his burden of demonstrating that he was not afforded a full and fair opportunity to litigate the issue of whether the hospital's alleged improper monitoring of the decedent's condition before and after giving birth resulted in the failure to diagnose and treat the blood clot. An award of summary judgment on a particular issue constitutes a determination on the merits, and gives rise to issue preclusion to the same degree as a favorable resolution at trial (see QFI, Inc. v Shirley, 60 AD3d 656, 657). That is the case even where the nonmoving party has not opposed the motion (see Windley v City of New York, 104 AD3d 597, 598; Fofana v 41 W. 34th St., LLC, 71 AD3d 445, 448; QFI, Inc. v Shirley, 60 AD3d at 657; Rodenheiser v State of New York, 47 AD3d 788; Brown v Suggs, 39 AD3d 395; Matter of Abady, 22 AD3d 71, 85; Harriman Estates Dev. Corp. v General Acc. Ins. Co., 309 AD2d 575; Vinci v Northside Partnership, 250 AD2d 965).
The claimant's remaining contentions are without merit.
Accordingly, the Court of Claims properly granted the hospital's motion, in effect, for summary judgment dismissing the claim.
HALL, J.P., COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court