Wong v Pragad (2025 NY Slip Op 25223)

[*1]

Wong v Pragad

2025 NY Slip Op 25223

Decided on October 8, 2025

Supreme Court, Westchester County

Walsh, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on October 8, 2025
Supreme Court, Westchester County

Winnie Wong, NANCY LEE, SYLVIA LEE, YOUNSEOK CHOI, 
 JAMES YANG, and MOONSOO JUNG, Plaintiffs,

against
Dev Pragad, Defendant.

Index No. 62345/2025

ANDERSON & ASSOCIATES LAW, P.C.
By Yen-Yi Anderson, Esq.
61 Broadway, Rm 2809
New York, NY 10006 
PALLAS PARTNERS (US) LLP
By: Shireen A. Brady, Esq.
Andrew W. Breland, Esq.
Attorneys for Defendant 
75 Rockefeller Plaza
New York, NY 10019

Gretchen Walsh, J.

The following e-filed documents, listed in NYSCEF under document numbers 63-67, were read on this unopposed motion (Motion Seq. No. 2) by Dev Pragad ("Pragad" or "Defendant") for an order pursuant to CPLR 2201 staying this action or, alternatively, dismissing this action pursuant to CPLR 3211(a)(4) based on an earlier-filed action in federal court. Plaintiffs Winnie Wong, Nancy Lee, Sylvia Lee, Younseok Choi, James Yang, and Moonsoo Jung ("Plaintiffs") have failed to submit opposition to the motion, despite having been served with the same. Upon the foregoing papers and for the reasons stated herein, Defendant's unopposed motion to stay this action, pursuant to CPLR 2201, shall be granted.
 DISCUSSION
In support of Defendant's motion, Defendant submits an affirmation of Shireen A. Barday, Esq., together with an attached exhibit, which is the Amended Complaint filed in a [*2]pending federal action entitled Uzac v Pragad, Case No. 1:25-cv-03573-JLR-KHP (Jennifer L. Rochon, J.) (the "federal action"), and a memorandum of law. It appears that the federal action was filed on April 29, 2025 (NYSCEF Doc. 66) and this action was filed the next day on April 30, 2025 (NYSCEF Doc. No. 1). As such, the federal action was filed first.
A review of both the Amended Complaint in the federal action (NYSCEF Doc. No. 67) and the Amended Complaint in this action (NYSCEF Doc. No. 26), reveals that they allege the same facts and causes of action (breach of contract and specific performance),[FN1]
and that the only difference is that the Plaintiffs in the federal action are different from the Plaintiffs in this action because naming the Plaintiffs in this action in the federal action would cause a loss in diversity of citizenship, the predicate for jurisdiction in the federal action (see NYCEF Doc. No. 26 at n 2). On June 9, 2025, this Court held a conference on Defendant's then pending motion to dismiss and discussed the issue of the pending federal action and the problem with having the same claims being asserted in dueling jurisdictions. At that conference, the Court offered Plaintiffs the opportunity to amend their Complaint in this action to, inter alia, add the Plaintiffs in the federal action. On August 5, 2025, Plaintiffs availed themselves of the right to amend to attempt to rectify other deficiencies in their Complaint, but the amendment did not include the addition of the Plaintiffs in the federal action so that the identical claims could be heard in one forum (NYSCEF Doc. No. 26). Because the Court viewed the same claims being asserted in dueling jurisdictions as creating the possibility of inconsistent adjudications, as well as a waste of judicial resources, the Court granted Defendant leave to file this motion.
CPLR 2201 provides that "[e]xcept where otherwise prescribed by law, the court in which an action is pending may grant a stay of proceedings in a proper case, upon such terms as may be just" (CPLR 2201). "'[A] court has broad discretion to grant a stay in order to avoid the risk of inconsistent adjudications, application of proof and potential waste of judicial resources'" (Morreale v Morreale, 84 AD3d 1187, 1188 [2d Dept 2011], quoting Zonghetti v Jeromack, 150 AD2d 561, 563 [2d Dept 1989]). It is well settled that it is a provident exercise of a court's discretion to stay a case pending the resolution of a related action because "[e]ven though there was not a complete identity of parties, there were overlapping issues and common questions of law and fact . . . and 'the determination of the prior action may dispose of or limit issues which are involved in the subsequent action'" (Belopolsky v Renew Data Corp., 41 AD3d 322, 322-323 [1st Dept 2007], quoting Buzzell v Mills, 32 AD2d 897, 897 [1st Dept 1969]). In Belopolsky, the Appellate Division, First Department, considered "the goals of judicial economy, orderly procedure and the prevention of inequitable results" in finding that the trial court properly exercised its discretion in staying the action (Belopolsky, 41 AD3d at 322).
In Mahar v General Elec. Co. (65 Misc 3d 1121 [Sup Ct, NY County 2019], affd 188 AD3d 534 [1st Dept 2020]), the trial court stayed the action asserted by the plaintiffs under the Securities Act in favor of an action asserted by the same plaintiffs in federal court asserting claims under the Securities and Exchange Act, reasoning that in the First Department complete identity is not required so long as there is "'a substantial identity of parties,' and 'both actions arose out of the "same subject matter or series of alleged wrongs"'" (Maher, 65 Misc 3d at 1131, [*3]quoting PK Rest. LLC v Lifshutz, 138 AD3d 434, 436 [1st Dept 2016]). In granting the stay, the court noted that "[c]omity, orderly procedure and judicial economy are all well served by a stay of the instant action as certain rulings in the federal action are likely to resolve (or at least streamline) the issues in this case. Staying this case based on the earlier-filed federal action . . . would avoid the risk of inconsistent rulings, ensure orderly proceedings (including coordinated discovery if the cases go forward) and preserve judicial resources" (Maher, 65 Misc 3d at 1131).
Here, it appears that Defendant moved to dismiss the Amended Complaint in the federal action and that the bases for the motion are largely identical to the bases asserted in his motion to dismiss the original Complaint in this action.[FN2]
Because the Plaintiffs in the federal action and the Plaintiffs here are alleged to be joint venture partners, a dismissal of the Amended Complaint in the federal action will have res judicata and/or collateral estoppel effects in this action since the Plaintiffs in both actions are in privity with each other as joint venture partners (Carlin v Gold Hawk Joint Venture, 778 F Supp 686 [SDNY 1991] [a joint venture and the joint venture partners were in privity with each other for purposes of res judicata and collateral estoppel]; see also Buechel v Bain, 97 NY2d 295 [2001] [partners are in privity for purposes of collateral estoppel]; Academic Health Professionals Ins. Assn. v Lester, 30 AD3d 328 [1st Dept 2006] [same]). The Court gave Plaintiffs the opportunity to amend their Complaint in this action to include the Plaintiffs in the federal action and to discontinue the federal action to avoid this multiplicity of actions, but Plaintiffs did not avail themselves of this opportunity. Perhaps recognizing that a stay is appropriate in these circumstances, Plaintiffs have failed to oppose Defendant's motion. Accordingly, because a stay in this action, at least until the federal court decides Defendant's motion to dismiss, will obviate the possibility of inconsistent adjudications and avoids a waste of judicial resources, the Court shall exercise its discretion and stay this case until the federal court issues a decision on Defendant's motion to dismiss (see Trinity Prods., Inc. v Burgess Steel LLC, 18 AD3d 318, 319 [1st Dept 2019] [action properly stayed because the pending federal action "may well determine the underlying issue here as to whether the lien was willfully exaggerated"]; Uptown Healthcare Mgt., Inc. v Rivkin Radler LLP, 116 AD3d 631, 631 [1st Dept 2015] ["If the Eastern District of New York finds that the document destruction clause is void, plaintiff will obviously have no claim in the case at bar for breach of that clause. 'The duplication of effort, waste of judicial resources, and possibility of inconsistent rulings in the absence of a stay outweigh any prejudice to plaintiff resulting from the' stay"]; El Greco Inc. v Cohn, 139 AD2d 615, 616-617 [2d Dept 1988] [trial court properly stayed case in favor of pending federal action as "[t]he parties in the two actions are virtually identical, the issues to be resolved overlap, and, moreover, the record discloses that a more complete disposition of the parties' respective contentions can be obtained in the earlier-commenced Federal action. Additionally, considering the similarity of the issues involved, the imposition of a stay further avoids the risk of inconsistent adjudications, duplication of proof, and the potential waste of [*4]judicial resources"]).
For all the foregoing reasons, the Court shall issue a stay in this action until the federal court decides the motion to dismiss before it that Defendant filed on August 28, 2025 (Uzac v Pragad, Case No. 1:25-cv-03573-JLR-KHP, 2025 WL 2623416). Counsel shall apprise the Court of the federal court's determination within 5 days of its filed decision, so this Court can schedule a conference to address whether the stay in this action will be vacated.

CONCLUSION
Accordingly, for the reasons stated and based upon the papers aforesaid, it is hereby
ORDERED that the motion by Defendant seeking a stay of this action is granted to the extent that this action will be stayed pending a determination of Defendant's motion to dismiss in the federal action.
The foregoing constitutes the Decision and Order of this Court.
Dated: October 8, 2025
White Plains, New York
E N T E R:
HON. GRETCHEN WALSH, J.S.C.

Footnotes

Footnote 1:Plaintiffs admit as much in their Amended Complaint in this action as they assert that "[t]he allegations and claims brought here largely parallel the allegations in the federal case" (NYSCEF Doc. No. 26 at n 2). 

Footnote 2:On September 9, 2025, this Court denied Defendant's motion to dismiss without prejudice as moot based on Plaintiffs' filing of an Amended Complaint (NYSCEF Doc. No. 71). Although Defendant has limited his motion to a motion to dismiss or stay based on the earlier-filed federal action, Defendant has reserved his right to move to dismiss based on the arguments he made in his motion to dismiss the original Complaint, when and if this action is permitted to proceed (NYSCEF Doc. No. 64 at n 3).